## 32757. BAKER v. THE STATE.

Hill, Justice.

Charles L. Baker was tried and convicted of violating Code Ann. § 26-2610 (b) (Ga. L. 1968, pp. 1249, 1316; 1974, p. 470) which prohibits the use of unprovoked obscene and vulgar or profane language in the presence of a woman, or of a male under the age of fourteen. Prior to trial the defendant attacked the constitutionality of this section on the ground of gender-based discrimination. The State Court of Fulton County determined it was constitutional. The defendant was sentenced on April 28, 1977, to serve six months to run concurrently with a previous sentence and he appealed to this court on constitutional grounds.

Notice of appeal was filed in the trial court on May 25, 1977. The record was docketed in this court on August 1, and the defendant's enumerations of error and brief were routinely filed on August 22, albeit after the defendant was released from confinement on August 16, 1977.

This appeal is dismissed as moot in view of the fact that the sentence has been served. Although a court may

exercise its discretion to decide a criminal case even after the sentence has been served (St. Pierre v. United States, 319 U. S. 41 (63 SC 910, 87 LE 1199) (1943); *Chaplin v. State,* 141 Ga. App. 788 (234 SE2d 330) (1977)), it is not bound to do so. Jacobs v. New York, 388 U. S. 431 (87 SC 2098, 18 LE2d 1294) (1967); Tannenbaum v. New York, 388 U. S. 439 (87 SC 2107, 18 LE2d 1300) (1967).

We decline to reach the merits of this appeal because the defendant has not demonstrated any efforts to expedite the appeal, preparation of record, etc., and has not shown, on this record, adverse collateral consequences as in *Parris v. State,* 232 Ga. 687, 689 (208 SE2d 493) (1974). Moreover, the question raised is not one which can never be decided because it inevitably becomes moot prior to an appeal, as in Gerstein v. Pugh, 420 U. S. 103, 110, n. 11 (95 SC 854, 43 LE2d 54) (1975). If defendant's sentence had not been set concurrently with another sentence, he should have been eligible for bail pending appeal of his misdemeanor conviction (Code § 27-901), and his appeal would not have become moot.

*Appeal dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED JANUARY 3, 1978.

*Smathers, Derrickson & Bowen, Joy Smathers,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Richard E. Stark, Assistant Solicitors, Arthur K. Bolton, Attorney General,* for appellee.