A90A1597. THE STATE v. CHRISOPOULOS.
(403 SE2d 460)

CARLEY, Judge.

After appellee allegedly committed a single lewd act in the presence of two minors, an accusation was filed charging him with two separate counts of public indecency in violation of OCGA § 16-6-8. Each count alleged appellee's commission of the single lewd act in the presence of one of the minors. On appellee's motion, the trial court compelled the State to make an election as between the two counts and ordered a dismissal of the unelected count. Pursuant to OCGA § 5-7-1 (1), the State appeals from this order of the trial court.

The prosecution of appellee on the two-count indictment does not proceed on the theory that his alleged lewd act establishes the commission of *more* than one crime. Compare OCGA § 16-1-7; *State v. McBride*, 261 Ga. 60 (4) (401 SE2d 484) (1991). The State's only contention is that appellee's alleged lewd act establishes the commission of the *single* crime of public indecency which was witnessed by the two minors. Accordingly, the issue to be decided is whether the instant case comes within the rule that " '[t]he court will not compel the prosecutor to elect upon an indictment charging [a defendant] with [more than one count], when it appears by the indictment that *the charges relate to the same transaction, modified to meet the proof.*' " (Emphasis supplied.) *Sutton v. State*, 124 Ga. 815, 816 (53 SE 381) (1906).

The crime of public indecency as defined in OCGA § 16-6-8 consists of the performance of certain proscribed acts in a public place. The two-count accusation that was preferred against appellee alleges that he performed one of those proscribed acts in the parking lot of a specified shopping center. A shopping center parking lot is clearly a public place. *Clark v. State*, 169 Ga. App. 535, 536 (3) (313 SE2d 748) (1984). Thus, the accusation would have been sufficient to allege appellee's violation of OCGA § 16-6-8 without any additional allegations of the names of the two minors who had actually observed the alleged lewd act committed in the public place. OCGA § 17-7-71 (c, d). The two minors are not the victims of appellee's alleged crime, but are merely the witnesses through whom the State is prepared to prove appellee's guilt of an affront to public decency. Compare *Irwin v. State*, 117 Ga. 722 (45 SE 59) (1903). Accordingly, the names of the two minors who merely witnessed the alleged offense are in no way necessary "to meet the proof" of appellee's guilt, but constitute merely superfluous allegations of the State's evidence against appellee. See generally *Shorter v. State*, 155 Ga. App. 609, 610 (3) (271 SE2d 741) (1980). "It is not necessary that an accusation or an indictment allege evidentiary matters. [Cit.]" *Reliford v. State*, 101 Ga. App. 244, 245 (2) (113 SE2d 473) (1960).

It follows that the instant case does *not* come within the rule enunciated in *Sutton v. State*, supra, and that the trial court correctly ordered that appellee's prosecution would proceed as to one count only. At trial, the State will be entitled to prove appellee's guilt of that one count by introducing the testimony of either or both of the minors who witnessed his commission of the alleged lewd act. *Shorter v. State*, supra at 610 (3).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1991.

*Gerald N. Blaney, Solicitor, Rosanna Musengo, Assistant Solicitor*, for appellant.

*Boyce, Thompson & O'Brien, William M. Coolidge III*, for appellee.