## A91A2205. HAWKINS v. THE STATE.

(413 SE2d 525)

McMurray, Presiding Judge.

Via accusation, defendant was charged with three counts of public indecency. He was convicted and sentenced upon two of the counts. This appeal follows the denial of his motion for a new trial. *Held*:

1. On direct examination, a witness was asked why he waited 30 minutes after confronting defendant to call the police. Over defendant's objection, the witness was permitted to testify that after speaking with defendant for approximately ten minutes he decided not to call the police because he "felt sorry for the guy . . . [but he changed his mind when he] found out there'd been a similar incidence in the apartment complex earlier at the mailboxes. . . ."

Defendant contends it was harmful error to permit the witness to introduce highly prejudicial evidence of a "similar transaction." We disagree. Defendant was not identified as the perpetrator of the other act. Thus, the statement did not suggest that defendant committed a similar act and it cannot be said to be prejudicial to defendant. See *Lashley v. State*, 196 Ga. App. 672, 673 (1) (396 SE2d 590).

2. The trial court did not improperly restrict cross-examination of the State's witnesses.

3. The charge on circumstantial evidence was not given erroneously.

4. The mere fact that defendant's lewd act was witnessed by two persons does not mean that two crimes were committed. Defendant committed one lewd act witnessed by two persons. "The two [persons] are not the victims of [defendant's] . . . crime, but are merely the witnesses through whom the State [was able] to prove [defendant's] guilt of an affront to public decency." *State v. Chrisopoulos*, 198 Ga. App. 876, 877 (403 SE2d 460). It follows the judgment must be affirmed and the case remanded with direction that the trial court resentence defendant upon only one count of the accusation.

*Judgment affirmed and case remanded with direction. Sognier, C. J., and Andrews, J., concur.*

Decided December 3, 1991.

Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison, for appellant.

Gerald N. Blaney, Jr., Solicitor, for appellee.