## A98A1016. HEARD v. THE STATE.
### (501 SE2d 884)

BLACKBURN, Judge.

John Clinton Heard was convicted of two counts of child molestation and two counts of cruelty to children. On appeal, he contends that the evidence was insufficient to support the verdict, that the child cruelty charges merged with the molestation charges, and that the trial court erred in allowing hearsay evidence. For the reasons discussed below, we affirm.

1. In his first enumeration, Heard contends that the evidence was insufficient to support the verdict. However, the section of Heard's brief discussing this enumeration consists entirely of a statement of the applicable standard of review, a conclusory statement that the evidence was insufficient, and a plea for this Court to review

the record to determine "whether or not" there was evidence to support the verdict. Because Heard has failed to support this enumeration with argument or citation to the record, it is deemed abandoned. See *Hunter v. State*, 201 Ga. App. 9 (2) (410 SE2d 204) (1991); see also *Herndon v. State*, 229 Ga. App. 457 (494 SE2d 262) (1997) (court will not cull record on behalf of party in search of error). Moreover, the evidence, construed in the light most favorable to the State, provides ample support for the jury's verdict under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Heard contends that the two counts of cruelty to children were based on the same conduct constituting child molestation, and that the cruelty convictions therefore merged with the molestation convictions. However, "[b]y failing to raise the issue in the trial court, [Heard] waived his argument that his [child molestation] and [cruelty to children] charges merged. *Henderson v. State*, 218 Ga. App. 311 (3) (460 SE2d 876) (1995); *Edmonson v. State*, 212 Ga. App. 449, 451 (3) (442 SE2d 300) (1994)." *Basu v. State*, 228 Ga. App. 591, 593 (2) (492 SE2d 329) (1997). See also *LeGallienne v. State*, 180 Ga. App. 108, 111 (4) (348 SE2d 471) (1986).

Moreover, Heard provides no citations to the record to support his contention that the child cruelty convictions related to the same conduct supporting the child molestation convictions, but merely makes a conclusory statement to that effect. There was evidence from which the jury could have found that Heard abused each of his daughters on more than one occasion. Accordingly, we cannot say that the convictions merged as a matter of fact.

3. Heard contends that the trial court erred in allowing testimony regarding statements made by the child victims. However, Heard abandoned this enumeration by failing to address it in his brief. In his brief, Heard argues that trial counsel was ineffective for failing to object to certain other testimony. Because the issue of ineffectiveness was not raised in Heard's enumerations, it will not be considered. See *Guest v. State*, 229 Ga. App. 627, 628 (1) (494 SE2d 523) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MAY 1, 1998.

*Ricardo G. Samper*, for appellant.
*Peter J. Skandalakis, District Attorney, Hope F. Smelcer, Assistant District Attorney*, for appellee.