## A98A1998. CROWDER v. THE STATE.
### (513 SE2d 752)

SMITH, Judge.

Stephen L. Crowder was indicted on two counts of public indecency and was charged by accusation with eight more counts of public indecency. Following a jury trial, Crowder was convicted on both

counts charged in the indictment and six of the eight counts charged in the accusation. Crowder's motion for new trial as amended was denied, and he appeals, arguing that the trial court should have "set aside" one of the public indecency counts charged in the indictment. He also argues that the trial court should have granted his motion for a mistrial based on a GBI agent's testimony that Crowder invoked his right to counsel during an in-custody interview. We find no reversible error, and we affirm.

1. Crowder first contends that the trial court should have "set aside" one of his convictions because the two count indictment alleged a single offense witnessed by two different persons.

The indictment at issue in this appeal contains two counts of public indecency occurring at the same place on the same date; the only difference in the language of these counts is the identity of the witnesses who observed Crowder's behavior.[1] Typically, when a defendant's single lewd act is witnessed by two or more persons, only one crime is committed. See *Hawkins v. State*, 202 Ga. App. 163 (413 SE2d 525) (1991); *State v. Chrisopoulos*, 198 Ga. App. 876 (403 SE2d 460) (1991).

But here, Crowder committed two separate lewd acts. One witness testified that while she and a friend were clearing a lot she had just purchased, Crowder drove past the property and a short time later returned and stopped his car. The witness walked to the car and began talking with Crowder, who remained inside, until she saw that he had exposed himself. She quickly walked away but did not tell her friend, who was walking toward the car, what she had seen; she did not "know what to say to her, or how to stop her from getting there." The second witness stated that she thought nothing of the first witness's hasty departure from the car and walked to the car and began talking with Crowder. After a few moments, Crowder repositioned himself. This witness testified that he "threw his arm back up on the back seat and kind of swung his leg over." She then saw that "he had his privates exposed." Under these facts a jury could have concluded that Crowder committed two separate acts of exposure, and *Hawkins* and *Chrisopoulos* are thus distinguished. The trial court did not err in refusing to "set aside" one of Crowder's convictions.

2. Crowder contends that the trial court erred by failing to grant a mistrial when a GBI agent twice testified that Crowder invoked his right to counsel.

During cross-examination of GBI agent Walter Lanier about his

---

[1] Crowder was the Chief of Police in Darien, Georgia. In the indictment involved in this division, he was charged with performing "a lewd exposure of his sexual organ" in the presence of two different female witnesses, while he was inside a Darien Police Department automobile.

investigation of the charges against Crowder, defense counsel asked whether Lanier talked with Crowder at the jailhouse, and Lanier replied that he did so after a judge "called you and asked you to have your client there. When your client arrived, he advised he was not represented by you anymore." Defense counsel then asked, "Are you telling this jury, now, that that's what Steve Crowder said?" In response to this question, Lanier testified that Crowder "advised he needed a court-appointed attorney. . . . [I]t is up to the client to invoke his Miranda rights and ask for presence of counsel." Defense counsel moved for mistrial, and the court ruled that Lanier's testimony was "[a] direct response to the question" and advised counsel to move away from this line of questioning.

Despite the trial court's direction, defense counsel continued to ask Lanier about the conversation between Lanier and Crowder. He asked Lanier whether he cursed at Crowder, which Lanier denied. He then asked, again, "It's not true?" Lanier answered, "No, sir. The comment made . . . I don't know that I can admit this or not. After I had attempted to conduct the interview I had referred to, he had asked for advice and presence of counsel and a court-appointed attorney. He was being processed." Crowder again unsuccessfully moved for mistrial.

As argued by Crowder, it is improper for the prosecution to elicit testimony for impeachment purposes concerning a defendant's decision to remain silent or a defendant's invocation of his or her right to counsel. See *Sims v. State*, 213 Ga. App. 151, 152 (2) (444 SE2d 121) (1994); *Hill v. Turpin*, 135 F3d 1411, 1414 (11th Cir. 1998) (discussing *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976)).

In *Hill*, the Eleventh Circuit vacated the conviction of Floyd Hill on the ground that the prosecutor commented on Hill's rights to remain silent and to seek assistance of counsel.[2] Despite an order granting a motion in limine prohibiting any testimony concerning Hill's request for counsel, and despite a bench conference during which defense counsel reminded the prosecutor and the district judge of this ruling, the prosecutor in *Hill* twice elicited comments on direct examination concerning the defendant's silence and his request for an attorney. Id. at 1414-1415. Hill unsuccessfully moved for mistrial. Id. at 1415. The prosecutor then again sought to elicit testimony during cross-examination of Hill concerning Hill's silence and in closing argument commented on Hill's silence. Id. at 1415. The circuit court concluded, as did the district court, that the prosecutor clearly violated the *Doyle v. Ohio* prohibition against comment on an accused's

---

[2] For a more complete account of the facts in *Hill v. Turpin*, see *Hill v. State*, 250 Ga. 277 (295 SE2d 518) (1982).

silence or request for counsel. But contrary to the district court's conclusion, as well as that of the Supreme Court of Georgia,[3] that these violations constituted harmless error, the circuit court concluded that the prosecutor's "references to Hill's post-*Miranda* silence and request for counsel had a substantial influence in determining the jury's verdict." Id. at 1417. The circuit court consequently reversed the district court's denial of habeas relief and vacated Hill's conviction. Id. at 1412.

Although we agree with Crowder that Lanier's statements were improper under *Doyle* and *Hill*, we do not agree that reversal is required. First, to some extent, defense counsel may have invited the comments about which Hill complains by the direct questions he posed to Lanier. More importantly, assuming that Crowder has not waived complaint on appeal concerning Lanier's testimony, *Hill* is distinguished from this case. In contrast to the objectionable testimony in *Hill*, Lanier's statements were not deliberately elicited by the prosecutor as blatant attacks on Crowder's credibility. Furthermore, unlike the evidence in *Hill*, the evidence of Crowder's guilt was overwhelming. Several female witnesses gave similar testimony concerning their encounters with Crowder. Nearly every incident testified to at trial involved the same pattern of behavior by Crowder: the female witness would approach Crowder's car, would begin talking with him as he sat inside, and would see his genitals exposed. Moreover, we note that the jury acquitted Crowder of two counts charged in the accusation; had Lanier's testimony been so pervasively influential, it is likely that the jury would have convicted Crowder on all counts charged in both the indictment and the accusation. Under these circumstances, we conclude that, unlike the testimony in *Hill*, Lanier's testimony did not have " ' "substantial and injurious effect or influence in determining the jury's verdict," ' " *Hill*, supra at 1416, and we affirm.

*Judgment affirmed. Johnson, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 1, 1999 —
RECONSIDERATION DENIED MARCH 30, 1999 — 

*Randall M. Clark, O. Dale Jenkins, Richard D. Phillips*, for appellant.

---

[3] See *Hill*, 250 Ga. at 283 (4) (b).

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney,* for appellee.