A00A0651. RODRIGUEZ-MARTINEZ v. THE STATE.
(533 SE2d 443)

BLACKBURN, Presiding Judge.

Several years after Jairo Walter Rodriguez-Martinez pled guilty to misdemeanor shoplifting he sought an out-of-time appeal which the trial court denied. Rodriguez-Martinez appeals the trial court's order denying his motion for out-of-time appeal contending that the trial court abused its discretion by denying his motion without a hearing and that the record shows that his guilty plea was not knowing, voluntary, or intelligent. We affirm, as the trial court did not abuse its discretion in denying Rodriguez-Martinez's motion for out-of-time appeal.

1. Because Rodriguez-Martinez has already completed his sentence ($350 fine, four days time served, and twelve months probation), we first address whether this appeal is moot.

Although a court may exercise its discretion to decide a criminal case even after the sentence has been served (*St. Pierre v. United States*, 319 U. S. 41 (63 SC 910, 87 LE 1199) (1943); *Chaplin v. State*, 141 Ga. App. 788 (234 SE2d 330) (1977)), it is not bound to do so. *Jacobs v. New York*, 388 U. S.

431 (87 SC 2098, 18 LE2d 1294) (1967); *Tannenbaum v. New York,* 388 U. S. 439 (87 SC 2107, 18 LE2d 1300) (1967).

*Baker v. State,* 240 Ga. 431-432 (241 SE2d 187) (1978).

The Supreme Court of Georgia declined to reach the merits of Baker's appeals due to his failure to demonstrate efforts to expedite the appeal, prepare the record, and show adverse collateral consequences. *Baker,* supra at 432. Adverse collateral consequences have included the inability to engage in certain businesses, to vote, or to serve as a juror. *Parris v. State,* 232 Ga. 687, 690 (208 SE2d 493) (1974). Such consequences have also included potential enhancement of subsequent criminal punishment under second offender statutes. Id.

In this case, Rodriguez-Martinez has demonstrated adverse collateral consequences. Rodriguez-Martinez is a citizen of Colombia who could be deported from the United States based on this conviction because of changes in the immigration laws which occurred after his guilty plea.

> Because of [this burden] which may flow from [Rodriguez-Martinez's] conviction, he has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him. On account of these collateral consequences, the case is not moot.

(Citations and punctuation omitted.) *Parris,* supra.

2. Rodriguez-Martinez contends that the trial court erred in denying his motion for out-of-time appeal.

> "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." *Dover v. State,* 237 Ga. App. 797, 798 (516 SE2d 839) (1999). [Rodriguez-Martinez], as the movant, bears the burden of showing "good and sufficient" reason entitling him to an out-of-time appeal. *Wheeler v. State,* 269 Ga. 547, 548 (499 SE2d 629) (1998). Also, an out-of-time appeal is a remedy for a frustrated *right* of appeal; therefore, [Rodriguez-Martinez] must show that he was entitled to a direct appeal. *Grantham v. State,* 267 Ga. 635 (481 SE2d 219) (1997). Because a criminal defendant has no unqualified or absolute right to file a direct appeal from a judgment of conviction and sentence entered upon a guilty plea, [Rodriguez-Martinez] can meet his burden in this case only by setting "forth the questions he would raise should the appeal be granted, and show(ing) that the questions could be resolved

by facts appearing in the appellate record." (Citation omitted.) *Wheeler v. State*, 269 Ga. at 548; see also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Finally, the disposition of a motion for out-of-time appeal hinges on who bore the ultimate responsibility for the failure to file a timely appeal. *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994).

*Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999).

(a) Initially, Rodriguez-Martinez asserts that the trial court erred in failing to hold a hearing on his motion. However, the trial court did hold a hearing on Rodriguez-Martinez's extraordinary motion for new trial which he filed before the present motion. During that hearing, the trial court determined that an extraordinary motion for new trial was improper based upon Rodriguez-Martinez's guilty plea. Rodriguez-Martinez's counsel informed the trial court of his intention to file a motion for out-of-time appeal. And he acknowledged that his argument in a motion for out-of-time appeal would be the same as that made in the hearing on his extraordinary motion for new trial. Therefore, pretermitting whether a hearing is always required on a motion for out-of-time appeal, Rodriguez-Martinez was allowed to present his arguments to the trial court in a hearing.

(b) In order to meet his burden of providing questions to be raised if an appeal were granted, Rodriguez-Martinez contends that, pursuant to Article 36 of the Vienna Convention on Consular Relations, he had a right, as a noncitizen, to speak to a consular officer from Colombia prior to making a plea. He asserts in his motion that he was never informed of this right. However, this issue cannot be resolved on the appellate record as there is no evidence on the face of the record which indicates whether Rodriguez-Martinez was informed of his right to speak to a Colombian Consul. Because of his guilty plea, Rodriguez-Martinez can only raise questions that can be resolved by facts appearing in the appellate record. See *Syms*, supra.

(c) Regardless of Rodriguez-Martinez's contentions regarding the validity of his guilty plea, he has failed to show that the delay of his appeal was not attributable to his own conduct. He does not contend that his trial counsel was ineffective or that he was not informed of his limited right to directly appeal his guilty plea. In fact, the sole reason for Rodriguez-Martinez's delay in any attempt to appeal his guilty plea is the timing of the change in the immigration laws subsequent to his conviction. Rodriguez-Martinez complains that he would not have pled guilty had he known his conviction would have immi-

gration consequences. However, a subsequent change in the law which is collateral to the conviction does not entitle a defendant to an out-of-time appeal. To allow an out-of-time appeal because of a subsequent change in the law would open the floodgates for challenges to convictions. No conviction would ever be final under such a scenario. The fact of a change in the immigration laws does not change the fact that Rodriguez-Martinez pled guilty to the criminal act. He would certainly be free to raise the issue of the appropriateness of applying the changed immigration laws to him based on a pre-change conviction in any immigration hearing that might be initiated.

The trial court did not abuse its discretion in denying Rodriguez-Martinez's motion for out-of-time appeal.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 10, 2000.

*Rakesh Surampudi,* for appellant.

*Gerald N. Blaney, Jr.,* Solicitor, *Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr.,* Assistant Solicitors, for appellee.