## A02A1695. RITCHIE v. THE STATE.
(570 SE2d 435)

BLACKBURN, Chief Judge.

Following a bench trial in which he was found guilty of driving an unsafe and improperly equipped vehicle, William R. Ritchie appeals his sentence, arguing that the trial court exceeded its authority and entered an invalid judgment when it ordered restitution as part of his sentence. For the reasons set forth below, we dismiss this appeal.

On May 3, 2001, Ritchie, who had stopped his car to make a left turn, was struck from behind by another vehicle. A deputy sheriff who responded to the scene of the accident issued Ritchie a citation for failing to have operational brake lights.

Ritchie appeared in traffic violation bureau court on June 6, 2001. He entered a plea of not guilty and did not post a cash bond. The case was referred to the solicitor-general, who charged Ritchie with driving an unsafe and improperly equipped vehicle. Ritchie filed a motion to quash, alleging that the accusation violated the Traffic Violations Bureau Act, OCGA § 40-13-50 et seq. The trial court granted the motion and transferred the case back to the traffic violations bureau, where it was ultimately heard.

At the conclusion of a hearing on March 4, 2002, the court found Ritchie guilty and imposed a sentence of ten days to serve, suspended upon payment, by 4:30 p.m. that afternoon, of a fine of $80 and restitution in the amount of $500 to the driver who had struck Ritchie's car. Ritchie paid the fine and restitution by the 4:30 p.m. deadline. He filed his notice of appeal to this Court on March 29, 2002.

In his sole enumeration of error, Ritchie maintains that the trial court exceeded its authority and entered an invalid judgment when it ordered him to pay restitution as part of his sentence. Because we find that Ritchie's appeal is moot, we dismiss.

In *Gamble v. State*,[1] the appellant was found guilty of giving a false name to a police officer. The trial court sentenced her to 30 days

---

[1] *Gamble v. State*, 181 Ga. App. 871 (354 SE2d 174) (1987).

in jail and payment of a $1,000 fine, the 30-day sentence to be suspended upon payment of the fine. The appellant paid the fine and then filed an appeal of the judgment of conviction and sentence. The State "moved to dismiss appellant's appeal as moot, supporting its motion by evidence that appellant paid the entire $1,000 fine prior to filing her notice of appeal." Id. This Court agreed with the State and dismissed the appeal, reasoning:

> Although a court may exercise its discretion to decide a criminal case even after the sentence has been served, it is not bound to do so. Here, as in *Baker v. State*,[2] if there are any adverse collateral consequences resulting from appellant's misdemeanor conviction, she has not shown, on this record, their existence. Likewise, any question raised in the instant case is not one which can never be decided because it inevitably becomes moot prior to an appeal. This is true because appellant was not required to pay the fine so as to avoid the immediate commencement of the 30-day sentence. At no time, either before a court of inquiry, when indicted, after a motion for a new trial is made, or while an appeal is pending, shall any person charged with a misdemeanor be refused bail. OCGA § 17-6-1 (a). One convicted of a misdemeanor is entitled to bail as a matter of law. Accordingly, in the absence of any evidence of adverse collateral consequences or of inevitable mootness, we decline to exercise our discretion to reach the merits of this appeal.

(Citations and punctuation omitted.) Id.

Our decision in *Gamble* is dispositive of this case. Like the appellant in *Gamble*, Ritchie paid the fine and restitution weeks before he filed his notice of appeal.

Ritchie has also failed to show the existence of any adverse collateral consequences. An appellant proves adverse collateral consequences when he shows that he has "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him," and the consequences may include, for example, "potential enhancement of subsequent criminal punishment under second offender statutes," or "the inability to engage in certain businesses, to vote, or to serve as a juror." *Rodriguez-Martinez v. State*.[3] No such consequences attend this case.

The issue raised by Ritchie on appeal is also "not one which can never be decided because it inevitably becomes moot prior to an

---

[2] *Baker v. State*, 240 Ga. 431, 432 (241 SE2d 187) (1978).

[3] *Rodriguez-Martinez v. State*, 243 Ga. App. 409, 410 (1) (533 SE2d 443) (2000).

appeal." (Punctuation omitted.) *Gamble*, supra at 871. Ritchie was not required to pay the fine in order to avoid immediate commencement of the ten-day sentence. He was convicted of a misdemeanor and was entitled to bail as a matter of law. Id.

In the absence of any evidence of adverse collateral consequences or inevitable mootness, we decline to exercise our discretion to reach the merits of this appeal.

*Appeal dismissed. Johnson, P. J., and Miller, J., concur.*

DECIDED AUGUST 22, 2002.

*William R. Ritchie*, pro se.
*Richard R. Read, Solicitor-General, T. Kevin Mooney, Roberta A. Earnhardt, Assistant Solicitors-General*, for appellee.