## S08A1066. TURNER v. THE STATE.
(668 SE2d 692)

HINES, Justice.

This Court granted Barney Joe Turner a certificate of probable cause to appeal the denial of his petition for writ of habeas corpus to consider whether the habeas court erred in holding that there were insufficient adverse collateral consequences to support the challenge to an allegedly invalid sentence and that Turner's entry of guilty pleas waived the challenge to the sentence. For the reasons that follow, we conclude that the habeas court did not err in ruling that Turner failed to show adverse collateral consequences so as to invoke that court's jurisdiction over the petition for habeas corpus relief, and that under the circumstances of this case, Turner waived a sentencing challenge on double jeopardy grounds; consequently, we affirm.

In May 1996, an arrest warrant issued for Turner charging him with child molestation, OCGA § 16-6-4; the warrant stated the name of a purported young female victim and alleged that Turner "pulled up [along] side of a school bus in the presence of juvenile children on the school bus and [began] to masturbate" and that "this was observed and reported by the eleven year old female child who was on the bus with the several other witnessing children." In March 1997, Turner entered negotiated pleas of guilty to an accusation charging him with four misdemeanor counts of public indecency, OCGA § 16-6-8, in connection with the school bus incident. Pursuant to an agreement between Turner and the State, the trial court sentenced Turner to four consecutive twelve-month sentences to be served on probation;[1] at the plea hearing the State remarked that the counts in the accusation, as drafted, would merge, but that the agreement with Turner was that they not merge for the purpose of

---

[1] As per the plea agreement, the trial court, inter alia, ordered that Turner be assigned to the "specialized offender supervision program for sex offender[s]" and that Turner, at his own expense, submit to a "sex offender evaluation" and satisfactorily complete an approved treatment program.

sentencing so that Turner would serve 48 months on probation. Turner acknowledged that he understood his rights and that he was pleading guilty to all four counts charged in the accusation.[2] Approximately four and a half months prior to the end of Turner's sentences, the State sought to revoke his probation because Turner failed to complete his sex offender treatment as directed; at a probation revocation hearing on November 3, 2000, Turner admitted the probation violation and was placed on intensive probation for the remainder of his sentences. Turner completed serving his probated sentences in March 2001.

More than six years later, in August 2007, Turner filed a "motion to vacate sentence," citing *Hawkins v. State*, 202 Ga. App. 163 (413 SE2d 525) (1991), for the proposition that the fact that his lewd act was witnessed by more than one person did not mean that multiple crimes were committed; he asked that his 48-month sentence be declared void. At the same time, Turner filed the present petition for writ of habeas corpus, alleging that his entry of the guilty pleas was not knowing and intelligent inasmuch as the sentences totaling 48 months were illegal because the four counts of public indecency merged.

The habeas court denied the petition for writ of habeas corpus, finding that it was without jurisdiction to grant habeas corpus relief inasmuch as Turner's 48-month sentence had already been served and there was insufficient evidence of collateral consequences; that the 48-month sentence, for which Turner actively negotiated, was in lieu of a pending felony charge for which he could have received 20 years in prison; that Turner waived any claim of double jeopardy regarding the sentences; that the resultant pleas represented a "fair negotiation" between the district attorney and Turner's counsel; and that Turner's case was, on the facts, distinguishable from *Hawkins*.

1. Certainly, the fact that a state sentence has been completely served is not a bar to attacking it through habeas corpus even though the petition is not initially filed until after the sentence is completed. *Tharpe v. Head*, 272 Ga. 596, 597 (533 SE2d 368) (2000). However, in this situation the petitioner must demonstrate that he is suffering adverse collateral consequences flowing from his conviction. Id. This is so because if adverse collateral consequences continue to plague the affected party, the matter has not become moot. *Parris v. State*, 232 Ga. 687, 689 (208 SE2d 493) (1974). A party proves adverse collateral consequences when the party shows "a substantial stake

---

[2] In fact, Turner thanked the court and the prosecutor for "working with us on this case."

in the judgment of conviction which survives the satisfaction of the sentence imposed." (Punctuation omitted.) *Ritchie v. State*, 257 Ga. App. 149, 150 (570 SE2d 435) (2002). Moreover, the party must show adverse collateral consequences on the record. *In the Interest I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005). This Turner has completely failed to do.

Although in his petition for writ of habeas corpus Turner asked that his pleas be withdrawn, at the hearing in the matter Turner requested different relief; he asked only that the habeas court "void the [48-month] sentence and re-sentence him to twelve months." The habeas court observed that Turner had completed his sentences, and inquired about any adverse collateral consequences.[3] Turner's counsel responded that the 48-month sentence was "being used against him right now because he has to register as a sex offender." The habeas court observed, "If he only had one count versus four counts, would it still not be the same?" Defense counsel acknowledged, "Well, it's — yeah, but the four counts hurt him a little bit. Wherever he goes, people look and he's got four counts on his record. When they get ready to hire him for a job, it's . . . adverse to him." The habeas court questioned any basis to grant habeas relief "if all we're talking about is appearance." Defense counsel then mentioned the "motion to change the sentence," and reiterated that Turner was asking the habeas court to "re-sentence back to just one count of twelve months."[4] Following further discussion, defense counsel summed up the argument for habeas relief by stating, "because there's four acts is because it keeps him from getting a better job because it's four. We think it would be better if it was one. So that's how we're showing that it collaterally hurts him." Thus, Turner made no evidentiary showing whatsoever regarding the existence of adverse collateral consequences; his presentation to the habeas court consisted solely of the bald assertion by counsel of increased harm because of difficulty in finding employment as the result of being sentenced on four counts of public indecency rather than on one.

Turner argues that *Atkins v. Hooper*, 234 Ga. 330 (216 SE2d 89) (1975), relieves him of the burden of demonstrating adversity, that is, that the fact that his sentencing was invalid suffices. It is true that in *Atkins v. Hooper*, this Court stated, "Habeas corpus relief can now serve to relieve the stigma and burden of an invalid sentence. . . ." Id. at 333. Even assuming the invalidity of the total 48-month

---

[3] The habeas court asked how the sentences were then "being used against him."

[4] While the motion to vacate was mentioned during the hearing, the focus was the petition for the writ of habeas corpus. In any event, the only request was that Turner's sentence be reduced, and the present appeal deals only with the ruling on the habeas corpus petition.

sentence, the holding in *Atkins v. Hooper* does not aid Turner's cause. *Atkins v. Hooper* dealt with the situation in which following the defendant's conviction for felony murder, he was indicted, tried, and found guilty of the armed robbery which served as the basis for the felony murder conviction, and he was sentenced to ten years in prison for the armed robbery to run concurrently with his life sentence for murder. Id. at 331. Atkins challenged both sentences in a habeas corpus proceeding, and the habeas court denied relief. Id. This Court determined that it was unnecessary to require a habeas petitioner to allege adverse collateral consequences of a *felony* conviction. Id. at 333 (2). Turner is not seeking habeas corpus relief from a void felony conviction, and his present complaints regarding his completed misdemeanor sentences are outside the ambit of *Atkins v. Hooper*.

Simply, Turner has not shown any adverse collateral consequences, and we decline to presume any under the circumstances of this case. *In the Interest of I. S.*, supra at 862.

2. Assuming arguendo that *Hawkins v. State*, supra, applies to the circumstances in Turner's case so that sentence was properly imposed only on one count of public indecency, at the time of the entry of Turner's guilty pleas and sentencing, the law provided that a defendant could waive the issue of merger of offenses. *Heard v. State*, 232 Ga. App. 405 (2) (501 SE2d 884) (1998). It was not until after Turner completed serving his sentences that this Court, in *Curtis v. State*, 275 Ga. 576, 578 (1) (571 SE2d 376) (2002), overruled *Heard* and a line of cases holding that the issue of merger of included offenses may be waived by failing to raise it in the trial court. However, in this case there was not a failure to raise the issue in the trial court at the time of sentencing; indeed, the record makes plain that a possible issue of merger was acknowledged by all concerned and that a merger of the charges of public indecency for the purpose of sentencing was expressly rejected by Turner in order to effectuate the negotiated pleas to a misdemeanor. When a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly and knowingly accepts the specified sentences as to such charged counts, the defendant waives any claim that there was in fact only one act and that the resulting sentences are void on double jeopardy grounds. *Carr v. State*, 282 Ga. App. 134, 136 (637 SE2d 835) (2006). Turner knowingly entered into the plea agreement, and having accepted the benefit of such bargain with the State, he now attempts to renege. Public policy and the ends of justice require that he not be allowed to do so.[5] Id.

---

[5] In granting the appeal, this Court considered the additional question of whether the

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

James E. Goad, for appellant.

Garry T. Moss, District Attorney, Sara Anne Thompson, Assistant District Attorney, Thurbert E. Baker, Attorney General, for appellee.

---

habeas court erred in concluding that the sentences imposed were valid. However, this Court's determinations in Divisions 1 and 2 render such question moot.