A09A2355. CLARK v. THE STATE.
(687 SE2d 593)

BLACKBURN, Presiding Judge.

On March 2, 2009 Alvin D. Clark pled guilty to theft by shoplifting[1] and pled nolo contendere to simple battery.[2] The trial court sentenced him to twelve months confinement on each count, but suspended the sentence upon service of 180 days, with credit for time served since January 22, 2009. With additional credit for good behavior, Clark was apparently released on April 22, 2009, after serving only 90 days in jail.

On May 2, 2009, Clark was arrested on new charges of theft by shoplifting, obstruction of a law enforcement officer, and giving false information to a police officer. The State subsequently moved to impose the suspended sentence entered on Clark's March 2, 2009 convictions. Following a hearing on that motion, the trial court granted the same, and entered an order requiring Clark to serve nine months in confinement. Clark responded by moving to withdraw his

---

[10] OCGA § 16-11-106 (b).
[11] See OCGA § 16-11-126 (b) (1).
[1] OCGA § 16-8-14 (a).
[2] OCGA § 16-5-23 (a).

guilty plea and, following a hearing, the trial court denied that motion. Clark then filed the current appeal. Apparently having received credit for time previously served and for good behavior, however, Clark finished serving his sentence and was released from custody on September 17, 2009.

"Although a court may exercise its discretion to decide a criminal case even after the sentence has been served, it is not bound to do so." (Citations omitted.) *Rodriguez-Martinez v. State*.[3] Moreover, "[t]he general rule is that if defendant would receive no benefit by reversal of the case, it is moot." *Chaplin v. State*.[4] Here, Clark does not seek to challenge either his convictions or the trial court's denial of his motion to withdraw his guilty plea; rather, both his notice of appeal and his brief demonstrate that he is challenging only the trial court's decision to impose the previously suspended sentence resulting from his convictions. Because Clark has completed that sentence, however, he has nothing to gain from this appeal. Accordingly, the appeal is dismissed as moot. Id. at 789 (1). See also *Baker v. State*;[5] OCGA § 5-6-34 (d) ("[n]othing in this subsection shall require the appellate court to pass upon questions which are rendered moot").

*Appeal dismissed. Adams and Doyle, JJ., concur.*

DECIDED OCTOBER 28, 2009 —
RECONSIDERATION DENIED DECEMBER 1, 2009.

Alvin D. Clark, *pro se*.
Rosanna M. Szabo, *Solicitor-General*, for appellee.

---

[3] *Rodriguez-Martinez v. State*, 243 Ga. App. 409, 410 (1) (533 SE2d 443) (2000).
[4] *Chaplin v. State*, 141 Ga. App. 788, 789 (1) (234 SE2d 330) (1977).
[5] *Baker v. State*, 240 Ga. 431, 431-432 (241 SE2d 187) (1978).