## A11A0814. FEW v. THE STATE.
(716 SE2d 644)

DILLARD, Judge.

Following a jury trial in 1999, Anthony Mishum Few was convicted on one count of selling cocaine and was sentenced as a recidivist to life in prison. The Sentence Review Panel of Georgia subsequently reduced his sentence to 20 years.[1] Although his conviction was previously affirmed by this Court on other grounds, Few now argues that his sentence is void because the State failed to meet its burden of proving that he was represented by counsel during a prior guilty plea upon which his recidivist sentence was based. We conclude that Few's challenge is moot in light of the modified sentence and therefore dismiss the appeal.

Under Georgia law, "[a] sentence is void if the court imposes punishment that the law does not allow."[2] A sentence that falls within the prescribed statutory limits, however, is legally authorized and is not subject to review by this Court.[3] Few's present sentence of 20 years, as modified by the Sentence Review Panel, falls within the statutory range of sentencing for the sale of cocaine, even as a first offender.[4] It follows, then, that any challenge that Few may have had to the original life sentence imposed by the trial court, even if meritorious, is rendered moot.[5] Few's appeal is therefore dismissed.[6]

*Appeal dismissed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2011 —

---

[1] At the time of Few's sentencing, OCGA § 17-10-6 authorized him to seek review of his sentence by a three-judge panel vested with the authority to reduce the sentence imposed. In 2007, the Georgia General Assembly enacted OCGA § 17-10-6.3, which repealed OCGA § 17-10-6 and terminated the right of any defendant sentenced after July 1, 2007, to have his or her sentence reviewed by the panel. *See* OCGA § 17-10-6.3 (b). Subsequently, in *Sentence Review Panel v. Moseley*, 284 Ga. 128, 129-30 (1) (663 SE2d 679) (2008), our Supreme Court held that OCGA § 17-10-6 was unconstitutional, but further held that its ruling was to be given only prospective application. *Id.* at 133 (2).

[2] *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted).

[3] *See, e.g., Jones*, 278 Ga. at 670 ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void . . . ."); *Bennett v. State*, 292 Ga. App. 382, 385 (1) (665 SE2d 365) (2008) ("It is well established that . . . if the sentence is within the statutory limits, the appellate courts will not review it." (citation and punctuation omitted)).

[4] OCGA § 16-13-30 (d) (authorized sentencing range for the sale of cocaine is not less than five years nor more than thirty years imprisonment); *see Moseley*, 284 Ga. at 129 (1) (recognizing that the Sentence Review Panel was vested with "the actual power to change a criminal sentence").

[5] *See, e.g., Clark v. State*, 301 Ga. App. 354, 355 (687 SE2d 593) (2009) ("[T]he general rule is that if defendant would receive no benefit by reversal of the case, it is moot." (citation, punctuation and footnote omitted)).

[6] OCGA § 5-6-34 (d) ("Nothing in this subsection shall require the appellate court to pass upon questions which are rendered moot."); *see Clark*, 301 Ga. App. at 355.

Anthony M. Few, *pro se.*

Lee Darragh, *District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.