**WHOLE COURT**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 14, 2013**

# In the Court of Appeals of Georgia

A13A1127. THE STATE v. KING.

McFADDEN, Judge.

Pursuant to a negotiated plea agreement, Dena King pled guilty to charges of robbery and aggravated assault, and the state recommended concurrent 20-year sentences, with 15 years to be served in prison. The superior court accepted King's guilty plea, but announced that it was not going to follow the recommended sentence. The court then imposed concurrent sentences of 15 years, with 5 years to be served in prison and the remainder on probation. The state moved to set aside the guilty plea and sentence, claiming that the trial court was required to follow the state's recommended sentence or to give the state a chance to withdraw from the negotiated plea. The trial court denied the motion, noting, among other things, that all plea bargains are mere recommendations subject to the trial court's approval and that

sentencing is within the complete purview of the court as long as it is within statutory limits. The state directly appealed, claiming it is entitled to appeal from allegedly void sentences. But because the state's claims do not actually amount to allegations that the sentences are void, the state cannot directly appeal. Accordingly, this court lacks jurisdiction and the appeal must be dismissed.

"In OCGA § 5-7-1 (a), the General Assembly has set forth only a limited right of appeal for the [s]tate in criminal cases. If the [s]tate attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it." *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007) (citations and punctuation omitted). In this case, the state contends that it has the right to appeal pursuant to OCGA § 5-7-1 (a) (6), which provides that the state may appeal "[f]rom an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state."[1] This statutory language has indeed been recognized as authorizing the state "to appeal a void sentence." *State v. Jones*, 265 Ga. App. 493 (1) (594 SE2d 706) (2004) (citations omitted). See also *State v. Carden*, 281 Ga. App. 886 (637 SE2d 493) (2006).

---

[1] This language was previously set forth in subsection (a) (5) of OCGA § 5-7-1, but was re-designated as subsection (a) (6) by a recent amendment.

However, even though the state has couched its appeal in terms of being from void sentences, its claims of error do not actually amount to allegations that the sentences are void. As an initial matter, "[a] judgment is not void so long as it is entered by a court of competent jurisdiction." *State v. Glover*, 281 Ga. 633 (641 SE2d 543) (2007) (citations and punctuation omitted). The superior court, of course, had jurisdiction over this felony case. See Ga. Const. of 1983, Art. VI, Sec. IV, Par. I; OCGA § 15-6-8 (1). Therefore, "[e]ven assuming the trial court erred, [the judgment of conviction] is not void as it was entered by a court of competent jurisdiction." *Glover*, supra. See also *State v. Yapo*, 296 Ga. App. 158, 159 (1) (674 SE2d 44) (2009) (contrary to state's argument, the basis for appellate jurisdiction could not be that the order was void as the order was entered by a court of competent jurisdiction).

As for the sentences imposed by the trial court, "a sentence is void if the court imposes a punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that -- even assuming the existence and validity of the conviction for which the sentence was imposed -- the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, ___ Ga. ___ (2) (Case No. S13G0198,

3

decided Sept. 9, 2013) (citations omitted). Here, the state makes no claim that the sentences imposed by the trial court were not within the statutorily-prescribed range of punishments. Indeed, the 15-year sentences imposed by the trial court were well within the 20-year statutory range of punishments for robbery and aggravated assault, see OCGA §§ 16-5-21 (b) & 16-8-40 (b), and therefore the sentences are not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Few v. State*, 311 Ga. App. 608 (716 SE2d 644) (2011).

With regard to alleged errors in sentencing, claims of error which can be waived "necessarily do not amount to claims that the sentence imposed was void, inasmuch as a sentence which is not allowed by law is void, and its illegality *may not be waived*." See *Von Thomas v. State*, supra at ___ (2) (punctuation and citations omitted; emphasis in original). Here, the state could have waived its claim that the trial court erred by imposing sentences different from the negotiated plea recommendations, and therefore any such claim necessarily does not allege a ground upon which the sentences could be declared void. *Von Thomas*, supra. Such a claim amounts to an "allegation that the [sentence] is voidable, not an allegation that [it] is void." *Collins v. State*, 277 Ga. 586, 587 (591 SE2d 820) (citations omitted).

4

It is readily apparent that the sentence[s are] not void . . . because [they were] imposed when the trial court was without jurisdiction to impose the sentence[s] or because the sentence[s were] contrary to that required by law. [Rather], the [s]tate merely contends that the trial court erred in [disregarding its recommendation] for sentencing. Under the circumstances, . . . we find that the sentence[s are] not [alleged to be] void. Therefore, the appeal must be dismissed for lack of jurisdiction.

*Gibbins v. State*, 229 Ga. App. 896, 902 (8) (495 SE2d 46) (1997) (citations omitted). See also *Von Thomas*, supra at ___ (3) (no jurisdiction to reach merits of appeal where appellant "did not assert a claim that [the] sentence was void, meaning that it was a sentence that the law did not allow"); *State v. O'Neal*, 156 Ga. App. 384, 386 (2) (274 SE2d 575) (1980) (where sentence not void, state not authorized to appeal from order denying its motion for reconsideration of sentence).

We further note that in *State v. Harper*, 279 Ga. App. 620 (631 SE2d 820) (2006), under similar circumstances to the instant case, the state directly appealed from a trial court's allegedly erroneous sentence entered "'in complete disregard of the plea agreement' without first notifying the state of its intent to reject the agreement." This court ruled that the appeal was authorized because the state can "directly appeal from an allegedly void sentence." Id. at 620 (1). To the extent that *Harper* conflicts with the instant opinion and holds that the state may directly appeal from a sentence on the ground that the trial court allegedly erred in disregarding a

5

recommended sentence pursuant to a plea agreement, without first notifying the state

and giving it the opportunity to withdraw, *Harper* is hereby overruled.

*Appeal dismissed. All judges concur.*