# Court of Appeals
# of the State of Georgia

ATLANTA,  February 08, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1087. DOUGLAS L. HAMPTON v. THE STATE.**

On September 22, 2016, Douglas Hampton pled guilty to trafficking 28 grams or more of methamphetamine or amphetamine ("count one"), theft by receiving stolen property, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. He was sentenced as a recidivist to pay a $100,000 fine and to serve 10 years in prison, followed by 30 years on probation, for count one, 10 years in prison to run concurrent with count one for the theft conviction, 5 years in prison to run concurrent with count one for the possession of a firearm by a felon conviction, and a $1,000 fine and 5 years on probation to run concurrent with count one for the possession of a firearm during the commission of a felony conviction. On October 17, 2017, Hampton filed a motion to vacate his sentence, arguing that the court erroneously applied a split sentence with regard to count one, the trafficking conviction. The trial court denied the motion, and Hampton filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "Under Georgia law, a sentence is void if the court imposes punishment that the law does not allow. A sentence that falls within the prescribed statutory limits, however, is legally authorized and is not subject to review by this Court." *Few v. State*, 311 Ga. App. 608 (716 SE2d 644) (2011) (punctuation and citation omitted).

Here, Hampton's trafficking sentence is within the statutory range of punishment. See OCGA § 16-13-31 (e) (1) ("If the quantity of methamphetamine, amphetamine, or a mixture containing either substance involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00"). Moreover, Hampton's argument regarding split sentencing fails because this argument only applies to sexual offenses. See OCGA § 17-10-6.2; compare OCGA § 16-13-31 (e) (1).

Because Hampton's sentence was within the prescribed statutory limits, he has not raised a colorable void sentence claim, and the trial court's denial of his motion to vacate is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,  02/08/2018*
 *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*