304 Ga. 614
FINAL COPY

S18A0894. ABEBE v. THE STATE.

BETHEL, Justice.

Seble Wongel Abebe appeals from the denial of her petition for a writ of habeas corpus. On March 18, 2015, she pled guilty in the Municipal Court for the City of Decatur to driving under the influence of alcohol ("DUI") and was sentenced, inter alia, to 12 months of probation.[1] On September 11, 2015, Abebe filed her habeas petition in the Superior Court of DeKalb County, alleging that her plea was not knowingly, intelligently, and voluntarily entered. On November 21, 2016, the superior court denied habeas relief, concluding that Abebe's sentence had already expired and that she had failed to make a showing of adverse collateral consequences.

---

[1] The record also indicates that Abebe's sentence included a requirement that she pay a fine, participate in 40 hours of community service, submit to a drug evaluation, and participate in risk reduction services. Her driver's license was also suspended. Abebe has not alleged that she has yet to complete any of these requirements or that she remains under any restriction or probation stemming from her conviction.

A habeas petitioner who has completely served her misdemeanor sentence "must demonstrate that [s]he is suffering adverse collateral consequences flowing from [her] conviction. This is so because if adverse collateral consequences continue to plague the affected party, the matter has not become moot." *Turner v. State*, 284 Ga. 494, 495 (1) (668 SE2d 692) (2008) (citation omitted), overruled on other grounds, *Nazario v. State*, 293 Ga. 480, 489 (2) (d) (746 SE2d 109) (2013).  Cf. *Atkins v. Hopper*, 234 Ga. 330, 333 (2) (216 SE2d 89) (1975) (unnecessary for habeas petitioner to allege adverse collateral consequences of a felony conviction).  Conversely, if the petitioner is released from any confinement imposed after filing her habeas petition and there are no adverse collateral consequences flowing from her misdemeanor conviction, the matter becomes moot.  See *Baker v. State*, 240 Ga. 431, 432 (241 SE2d 187) (1978) (applying the doctrine of adverse collateral consequences in the context of an appeal from a misdemeanor conviction); see generally *Johnson v. Ricketts*, 233 Ga. 438 (211 SE2d 732) (1975); *Raheem v. State*, 333 Ga. App. 821, 821 n. 2 (777 SE2d 496) (2015).

Adverse collateral consequences must be demonstrated in the record. See *Turner*, 284 Ga. at 496 (1) (citing *In the Interest of I. S.*, 278 Ga. 859, 862 (607 SE2d 546) (2005)).  See also *Baker*, 240 Ga. at 432.  In this case, Abebe has

not alleged that she suffers any adverse collateral consequences stemming from her misdemeanor conviction that have continued after the expiration of her sentence. See *Turner*, 284 Ga. at 496, 497 (1); *Baker*, 240 Ga. at 432. Accordingly, this matter is moot, and the superior court correctly determined that Abebe was not entitled to habeas relief.[2]

Judgment affirmed. All the Justices concur.

---

[2] To the extent our decision in *Baker* suggests that a habeas petitioner who has not demonstrated in the record that he or she suffers collateral consequences stemming from the conviction may instead demonstrate that he or she attempted to either expedite the habeas proceeding or prepare a record from the trial court, we disapprove such a reading. Those efforts are not a substitute for evidence in the record demonstrating that the petitioner suffers from collateral consequences. See *Turner*, 284 Ga. at 495-496 (1).

Decided October 22, 2018.

Habeas corpus. DeKalb Superior Court. Before Judge Jackson.

Stephen M. Reba, for appellant.

Sherry Boston, District Attorney, Anna G. Cross, Deborah D. Wellborn, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.