Bethel, Justice.
*679 **614 Seble Wongel Abebe appeals from the denial of her petition for a writ of habeas corpus. On March 18, 2015, she pled guilty in the Municipal Court for the City of Decatur to driving under the influence of alcohol ("DUI") and was sentenced, inter alia, to 12 months of probation.[1] On September 11, 2015, Abebe filed her habeas petition in the Superior Court of DeKalb County, alleging that her plea was not knowingly, intelligently, and voluntarily entered. On November 21, 2016, the superior court denied habeas relief, concluding that Abebe's sentence had already expired and that she had failed to make a showing of adverse collateral consequences.
**615 A habeas petitioner who has completely served her misdemeanor sentence "must demonstrate that [s]he is suffering adverse collateral consequences flowing from [her] conviction. This is so because if adverse collateral consequences continue to plague the affected party, the matter has not become moot." Turner v. State , 284 Ga. 494, 495 (1), 668 S.E.2d 692 (2008) (citation omitted), overruled on other grounds, Nazario v. State , 293 Ga. 480, 489 (2) (d), 746 S.E.2d 109 (2013). Cf. Atkins v. Hopper , 234 Ga. 330, 333 (2), 216 S.E.2d 89 (1975) (unnecessary for habeas petitioner to allege adverse collateral consequences of a felony conviction). Conversely, if the petitioner is released from any confinement imposed after filing her habeas petition and there are no adverse collateral consequences flowing from her misdemeanor conviction, the matter becomes moot. See Baker v. State , 240 Ga. 431, 432, 241 S.E.2d 187 (1978) (applying the doctrine of adverse collateral consequences in the context of an appeal from a misdemeanor conviction); see generally Johnson v. Ricketts , 233 Ga. 438, 211 S.E.2d 732 (1975) ; Raheem v. State , 333 Ga. App. 821, 821 n. 2, 777 S.E.2d 496 (2015).
Adverse collateral consequences must be demonstrated in the record. See Turner , 284 Ga. at 496 (1), 668 S.E.2d 692 (citing In the Interest of I.S. , 278 Ga. 859, 862, 607 S.E.2d 546 (2005) ). See also Baker , 240 Ga. at 432, 241 S.E.2d 187. In this case, Abebe has not alleged that she suffers any adverse collateral consequences stemming from her misdemeanor conviction that have continued after the expiration of her sentence. See Turner , 284 Ga. at 496, 497 (1), 668 S.E.2d 692 ; Baker , 240 Ga. at 432, 241 S.E.2d 187. Accordingly, this matter is moot, and the superior court correctly determined that Abebe was not entitled to habeas relief.[2]
Judgment affirmed.
All the Justices concur.

The record also indicates that Abebe's sentence included a requirement that she pay a fine, participate in 40 hours of community service, submit to a drug evaluation, and participate in risk reduction services. Her driver's license was also suspended. Abebe has not alleged that she has yet to complete any of these requirements or that she remains under any restriction or probation stemming from her conviction.

To the extent our decision in Baker suggests that a habeas petitioner who has not demonstrated in the record that he or she suffers collateral consequences stemming from the conviction may instead demonstrate that he or she attempted to either expedite the habeas proceeding or prepare a record from the trial court, we disapprove such a reading. Those efforts are not a substitute for evidence in the record demonstrating that the petitioner suffers from collateral consequences. See Turner , 284 Ga. at 495-96 (1), 668 S.E.2d 692.