304 Ga. 818
FINAL COPY

S18A1642.  HART v. BURFORD et al.

WARREN, Justice.

In August 2014, Nicholas Hart was charged by the City of Sandy Springs with two counts of disorderly conduct, a misdemeanor, under Section 38-54 of the city's municipal code.  Hart filed a demand for jury trial in the Sandy Springs Municipal Court, which Judge Joseph Burford denied.  In September 2014, following a bench trial, Judge Burford found Hart guilty and sentenced him to six months of probation on each count to run consecutively, a $1,000 fine on each count, and 30 days in jail to be served on 15 consecutive weekends.  Hart appealed by filing a petition for certiorari in superior court, see OCGA § 5-4-1 (a), but that petition was dismissed because Hart failed to properly serve appellees and to file the record.  Hart later filed a habeas petition against Judge Burford, Mayor Rusty Paul, and other Sandy Springs officials.  Hart alleged that Judge Burford had

improperly denied him his right to a jury trial and that his appellate counsel had provided ineffective assistance. The habeas court denied relief, and Hart filed this appeal.[1]

As an initial matter, we must assess whether the case before us presents a live controversy or has become moot. See *Fulton County v. City of Atlanta*, 299 Ga. 676, 677 (791 SE2d 821) (2016) ("It is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies."); *Mullin v. Roy*, 287 Ga. 810, 812 (700 SE2d 370) (2010) ("A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic, or moot." (citation and punctuation omitted)). In misdemeanor cases, a habeas petition becomes moot if the petitioner has completed his sentence and fails to demonstrate on the record that he is still suffering adverse collateral consequences from the misdemeanor conviction. See *Abebe v. State*, 304 Ga. 614, 615 (820 SE2d 678) (2018) ("Adverse collateral consequences must be demonstrated in the

---

[1] From the order denying relief, Hart timely filed a notice of appeal in superior court and an application for a certificate of probable cause to appeal in this Court pursuant to OCGA § 9-14-52 (b), and we initially docketed his case as a habeas corpus application. But because Hart was convicted in a municipal court for a violation of a municipal ordinance, the municipal court was not a "state court of record," and Hart was entitled to a direct appeal from the denial of his habeas petition. See *Nguyen v. State*, 282 Ga. 483, 485-486 (651 SE2d 681) (2007), overruled on other grounds by *Brown v. Crawford*, 289 Ga. 722, 724 (715 SE2d 132) (2011). This Court therefore struck the habeas case from our docket and re-docketed Hart's case as a direct appeal.

record."). For example, in *Abebe*, the appellant was convicted of a misdemeanor and was required to serve 12 months of probation, "pay a fine, participate in 40 hours of community service, submit to a drug evaluation, and participate in risk reduction services. Her driver's license was also suspended." Id. at 614 & n.1. In dismissing the appeal from the denial of her habeas petition, we noted that the appellant did not "allege[ ] that she ha[d] yet to complete any of these requirements or that she remain[ed] under any restriction or probation stemming from her conviction." Id. at 614, n.1. Because she "ha[d] not alleged that she suffer[ed] any adverse collateral consequences stemming from her misdemeanor conviction that ha[d] continued after the expiration of her sentence," we concluded that her case was moot. Id. at 615. Accord *Turner v. State*, 284 Ga. 494, 495-497 (668 SE2d 692) (2008) (holding that Turner's habeas petition was moot because he had served his probationary sentence before he filed it and had not demonstrated that any adverse collateral consequences flowed from his misdemeanor conviction), overruled on other grounds by *Nazario v. State*, 293 Ga. 480, 489 (746 SE2d 109) (2013).

Here, there is no real dispute that Hart has completed his sentence. With respect to Hart's 30-day jail sentence, the record contains an order

3

remanding Hart into custody on consecutive weekends starting on July 17, 2015, and Hart's counsel informed the court at oral argument that it was his understanding that Hart had served that sentence. In addition, appellees' counsel stated at oral argument that Hart has completely satisfied all of the terms of his misdemeanor sentence:

> COURT: So it is the position of the government that prosecuted him that he has fully discharged his sentence?
> COUNSEL: Yes.
> COURT: Just to be clear. It is the position of Sandy Springs that this gentleman has discharged in full his sentence and has nothing left that he owes the people of Sandy Springs?
> COUNSEL: Correct.

And although Hart's counsel contended at oral argument that Hart was suffering an adverse collateral consequence because he had not yet paid his $2,000 fine, Hart offers no record evidence on that point. Even assuming that an outstanding fine could constitute an adverse collateral consequence in a misdemeanor case in which the prison term has expired (and in which the prosecuting authority has admitted the discharge of the sentence and apparently has disavowed any future efforts to collect the fine), "[a]dverse collateral consequences must be demonstrated in the record," *Abebe*, 304 Ga. at 615, and Hart has offered none.

4

Because Hart has failed to demonstrate on the record any adverse collateral consequence from his misdemeanor conviction, we dismiss this appeal as moot.

Appeal dismissed.  All the Justices concur.

Decided December 10, 2018.

Habeas corpus. Fulton Superior Court. Before Judge Newkirk.

Robert H. Citronberg, for appellant.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General; Freeman Mathis & Gary, Dan W. Lee; Riley McLendon, Leonid M. Felgin, for appellees.