## S13A0006. NAZARIO v. THE STATE.
### (746 SE2d 109)

NAHMIAS, Justice.

Appellant William Nazario pled guilty to 17 counts of a 26-count indictment charging him with numerous crimes related to the beating and stabbing death of his girlfriend, Korean Bowden, and the mistreatment of her three young daughters. Despite Appellant's argument at the plea hearing that several of his 17 convictions merged, the trial court sentenced him for all 17 crimes. On direct appeal, Appellant again claims that several of his convictions and sentences are void because they merged.

The State contends that we need not address those claims on their merits because Appellant's entry of a guilty plea waives any and all merger claims. There is a line of Court of Appeals cases, as well as one habeas case from this Court, that hold that a guilty plea waives merger claims. But we conclude that those cases were wrongly decided. This Court has previously addressed the merits of merger claims that were raised on direct appeal from a guilty plea. More fundamentally, we have explained that, under Georgia law, see OCGA § 16-1-7 (a), a defendant may not be legally convicted of a crime that is included as a matter of law or fact in another crime for which the defendant also stands convicted. A conviction that merges with another conviction is void — a nullity — and a sentence imposed on such a void conviction is illegal and will be vacated if noticed by this Court, even if no merger claim was raised in the trial court and even if the defendant does not enumerate the error on appeal. The merger issue must arise in a proceeding in which void convictions may be challenged, but a direct appeal is such a proceeding. And the merger of the convictions at issue must, of course, be established by the record.

Thus, as a practical matter, because the factual record in a guilty plea case is usually very limited, defendants who raise merger claims after pleading guilty, particularly claims that a conviction merged as a matter of fact, will rarely prevail. But while defendants who plead guilty waive trial, and the more fully developed factual record that a trial produces, they do not waive appellate review of merger claims, which are a species of void-conviction claim — a claim long recognized as an appropriate issue to consider on appeal from a guilty plea.

Accordingly, Appellant's merger claims cannot simply be deemed waived. However, largely because of the limited factual record resulting from his guilty plea, Appellant cannot show that most of his merger claims have merit, and we therefore affirm most of his convictions and sentences. But one of his merger arguments is correct. Both the indictment and the factual basis for the guilty plea

show that Appellant's five separate convictions for concealing the death of his girlfriend merged into a single conviction and should have resulted in only one sentence for that crime rather than the five separate sentences that the trial court imposed. Accordingly, we vacate four of Appellant's five concealment convictions and sentences.

1. The record in this case, which includes the indictment, a plea form, the transcript of the plea hearing at which the prosecutor provided an extensive factual basis for the guilty plea, and the judgment of convictions and sentences, shows the following facts. On September 9, 2011, Korean Bowden took her three children, girls ages four, nine, and twelve, to school. When she returned home, she informed her boyfriend, Appellant William Nazario, that she was leaving him. He responded by beating and stabbing Bowden to death. He concealed her body under a pile of clothes between a bed and a wall and then threw the knife and bloody bed sheets into the trash behind the house.

Around noon, Appellant picked up the younger two children from school and brought them back to the house, where he tied them up. Appellant also gagged the youngest child and placed her in a bathtub. Around 6:00 p.m., he drove to the oldest child's school, where he picked her up after she finished serving detention. Appellant brought her back to the house, where he bashed her head into a wall, slammed her into a fireplace, and threw her into a fish tank, breaking the child's nose and jaw in the process. Appellant then bound and gagged the child, forced her into a bedroom closet, and dragged a dresser in front of the door so she could not escape. A couple hours later, Appellant drove with the middle child to Bartow County, where his car broke down and he rented a hotel room. Appellant's plan was to take the child with him to New Jersey.

Three days later, when a pastor visited the house and knocked on the door, he spotted the oldest child peeking through a window. The pastor was able to enter the house, where he found the girl still bound and gagged, and he immediately called 911. The two children in the house, who had been without food and water since Appellant left, reported what had occurred. Responding officers searched the house and found Bowden's body, as well as the knife and bloody bed sheets in the trash behind the house. She had been stabbed approximately 20 times and had broken bones and internal bleeding from blunt force trauma.

When Appellant was interviewed by the police, he admitted that he killed Bowden and tried to conceal her death by placing her body under a pile of clothes between a bed and a wall and by throwing bloody sheets and the knife he used to stab her into the trash behind

the house. He also admitted that he tied up the girls to keep them from finding their mother's body and reporting what had occurred.

On April 10, 2012, a Clayton County grand jury indicted Appellant for 26 crimes: one count of malice murder, four counts of felony murder, two counts of aggravated assault, four counts of aggravated battery, five counts of concealing a death, six counts of child cruelty, two counts of kidnapping, one count of rape, and one count of child molestation. On May 24, 2012, the State filed a notice of intent to seek a sentence of life without the possibility of parole.

On June 7, 2012, Appellant entered a negotiated guilty plea to 17 charges: one count of felony murder predicated on aggravated assault by stabbing Bowden with a knife; two counts of aggravated assault against Bowden (one for inflicting multiple injuries with a knife and the other for causing a bilateral subarachnoid hemorrhage by striking her about the head with an unknown object); four counts of aggravated battery (two against Bowden and two against the oldest child); five counts of concealing a death; and five counts of child cruelty. In exchange, the State agreed to dismiss the nine other charges and not to seek a sentence of life without parole.

Handwritten inserts on the plea statement say, "All sexual offenses dismissed," and "Defendant insists that [the] law regarding merger and proscrip[tion] of multiple punishment for same conduct be observed [and] followed." During the plea hearing, Appellant emphasized that he was not pleading guilty to malice murder, any of the sexual offenses, or kidnapping, and he argued that "any offenses that legally can be merged should be merged." When Appellant later began to challenge the factual basis for the plea recited by the prosecutor, the trial court interrupted and said:

> If he wants to contest the factual basis, then he doesn't have to plead guilty. . . . If he pleads not guilty, the case can be set for trial. . . . If he's contending that he did not do that and doesn't want to plead guilty, his option is to go to trial.

Appellant responded that he was not contesting the prosecutor's statement of the factual basis for the plea.

After noting the support for the negotiated plea by the victim's family, who did not want the children to endure a trial, the court accepted Appellant's guilty plea to the 17 counts. The court then sentenced Appellant to life in prison with the possibility of parole for felony murder, ten years to serve for each concealment conviction, and 20 years to serve for each conviction for aggravated assault, aggravated battery, and child cruelty, with all the sentences running

concurrently. Later that day, the trial court entered a judgment on the 17 convictions and sentences. Appellant filed a timely notice of appeal.

2. (a) The State argues that we need not consider the merits of Appellant's merger claims, citing two of this Court's cases. One says that "[i]t is well established that (a) plea of guilty . . . waives all defenses other than that the indictment charges no crime," *Smith v. Hardrick*, 266 Ga. 54, 56-57 (464 SE2d 198) (1995) (citations, punctuation and emphasis omitted); and the other says that "[a] valid plea of guilty waives all known or unknown defenses," *Clark v. Caldwell*, 229 Ga. 612, 612 (193 SE2d 816) (1972). *Smith* and *Clark* are both habeas corpus cases, not direct appeals from guilty pleas, and neither case involved a merger claim. However, the Court of Appeals has a long line of cases extending *Smith* to apply a similar waiver rule to merger claims raised in direct appeals challenging convictions based on guilty pleas.[1]

The more recent of these cases draw support from this Court's decision in *Turner v. State*, 284 Ga. 494 (668 SE2d 692) (2008). In that habeas case, the petitioner argued that his 1997 guilty plea to four misdemeanor counts of public indecency was not knowing and voluntary based on a 1991 decision by the Court of Appeals suggesting that his four convictions should have merged as a matter of fact into one conviction for sentencing, because he committed only one indecent act, although several children saw it. See id. at 495 (citing *Hawkins v. State*, 202 Ga. App. 163 (413 SE2d 525) (1991)). Citing only *Carr*, 282 Ga. App. at 136, we concluded:

When a criminal defendant pleads guilty to counts of an

---

[1] See, e.g., *Carson v. State*, 314 Ga. App. 225, 228-229 (723 SE2d 516) (2012) (holding that the defendant's entry of a guilty plea "waived all defenses except that the indictment charged no crime, including the issue of whether the offenses merged as a matter of law or fact," and affirming the denial of a motion to withdraw the plea based in part on a claim that the trial court erred in not merging his convictions for aggravated assault and armed robbery of the same victim before sentencing him); *Regent v. State*, 306 Ga. App. 616, 617-618 (703 SE2d 81) (2010) (holding that the defendant's entry of a guilty plea waived his claim on direct appeal that the trial court erred in failing to merge his convictions for aggravated assault and aggravated battery of the same victim before sentencing him); *Sanders v. State*, 282 Ga. App. 834, 836 (640 SE2d 353) (2006) (vacating an order merging an aggravated assault conviction into an armed robbery conviction on a "motion to correct illegal sentences" because the defendant " 'admitted to committing both crimes' " by entering his guilty plea and therefore was " 'estopped from now claiming that any of the counts to which he pled guilty should have merged' " (citation omitted)); *Carr v. State*, 282 Ga. App. 134, 134, 136, n. 6 (637 SE2d 835) (2006) (holding that the defendant "waived any objection to his sentence by entering a guilty plea" and affirming the denial of the defendant's "petition to correct (a) void sentence" that argued that his sentence was illegal because his conviction for armed robbery merged with his conviction for voluntary manslaughter (citing *Smith*, 266 Ga. at 56)).

indictment alleging multiple criminal acts, and willingly and knowingly accepts the specified sentences as to such charged counts, the defendant waives any claim that there was in fact only one act and that the resulting sentences are void on double jeopardy grounds. . . . *Turner* knowingly entered into the plea agreement, and having accepted the benefit of such bargain with the State, he now attempts to renege. Public policy and the ends of justice require that he not be allowed to do so.

*Turner*, 284 Ga. at 497.

(b) However, the Court of Appeals cases, and *Turner*, did not cite or distinguish cases in which this Court has addressed (and denied) a defendant's merger claim raised in a direct appeal from a guilty plea, rather than holding that the claim was waived. See *Taylor v. State*, 275 Ga. 461, 461-463 (569 SE2d 520) (2002); *Addison v. State*, 239 Ga. 622, 622-624 (238 SE2d 411) (1977). See also *Dennis v. State*, 292 Ga. 303, 304 (736 SE2d 428) (2013) (addressing the merits of the defendant's merger claim in a direct appeal from an order denying an out-of-time appeal from guilty plea convictions); *Upperman v. State*, 288 Ga. 447, 447-448 & n.1 (705 SE2d 152) (2011) (same). Moreover, some of the Court of Appeals cases trace back to *Syms v. State*, 244 Ga. App. 21 (534 SE2d 502) (2000), which held that, by pleading guilty to "an indictment which listed on its face 16 separate crimes, [the defendant] admitted that he committed those specific crimes as charged against him" and thus "he is estopped from claiming now that any combination of the crimes constituted, in fact or law, a single offense." Id. at 21-22. But that was an estoppel holding — the defendant, having admitted committing *facially distinct* criminal charges, could not turn around and argue that the crimes were not factually distinct. The court did *not* hold that all merger claims were waived by entry of a guilty plea. To the contrary, the court proceeded to hold that Syms's two convictions for credit card theft (which, according to the indictment, involved the theft of the same credit cards) merged as a matter of law, that Syms could not be sentenced for both crimes, and thus that those sentences were "void ab initio" and must be vacated so that he could be resentenced on only one of the convictions. See id. at 22.[2]

---

[2] *Syms* was an appeal from the denial of a motion to vacate an allegedly void sentence. As discussed below, we have since held that merger claims are claims that convictions (as well as

These decisions are consistent with the line of this Court's cases, pointed to by Appellant, that hold flatly that merger claims cannot be waived because a conviction that merges as a matter of law or fact with another conviction is void, and any resulting sentence is void and illegal, which means that they may be challenged in any proper proceeding. The leading case is *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002), overruled on other grounds as discussed below by *Williams*, 287 Ga. at 192-194. In *Curtis*, we overruled a line of Court of Appeals cases that had held, "based on the general proposition of appellate law that issues not raised in the trial court will not be considered on appeal," that merger claims are waived if not raised at the proper time in the trial court. 275 Ga. at 576-577. We held that this customary waiver rule does not apply to merger claims, because merger as a matter of law or fact renders the merged conviction void and the resulting sentence illegal and requires the reviewing court to vacate the conviction and sentence even if the error was not raised in the trial court and indeed even if it is not enumerated as error on appeal. This Court, we explained,

> has consistently considered the issue of included offenses as a matter of statutory double jeopardy. Georgia's statutory bar to successive prosecutions and multiple convictions for the same conduct, OCGA § 16-1-7, is more expansive than the constitutional proscription of double jeopardy. . . . OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be *prosecuted* for each crime that arises from the accused's conduct, but an accused may not be *convicted* of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law. Since one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant

---

the resulting sentences) are void and thus cannot be raised in a free-standing motion to vacate void sentence. See *Williams v. State*, 287 Ga. 192, 192-194 (695 SE2d 244) (2010).

stands convicted, the conviction and sentence for the included crime must be vacated by the appellate court, even if not enumerated as error.

... We have not previously labeled as "void" convictions and sentences for offenses which are included in others, but our [prior] holding ... that one may not be convicted legally of a crime which is included as a matter of law or fact in another crime for which the defendant stands convicted, and our [prior] holding ... that such convictions and sentences are vacated by operation of law demand that conclusion. Since such convictions and sentences amount to punishment the law does not allow, and "[a] sentence is void if the court imposes punishment that the law does not allow," such convictions must be considered void. That being so, their illegality is not an issue that may be waived because ... " '[a] judgment which is void for any cause is a mere nullity and it may be so held in any court where it becomes material to the interest of the parties to consider it.' "

*Curtis*, 275 Ga. at 577-578 (citations omitted). See also OCGA § 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.").

Indeed, this Court regularly decides merger issues — and vacates convictions and sentences — even where the issue was not raised in the trial court and is not enumerated as error on appeal. To cite just a few recent examples, see *Durden v. State*, 293 Ga. 89, 94 (744 SE2d 9) (2013) (vacating the appellant's sentence for aggravated assault because that conviction merged as a matter of law into his malice murder conviction); *Slaughter v. State*, 292 Ga. 573, 575 & n.2 (740 SE2d 119) (2013) (vacating the appellant's sentence for aggravated assault because that conviction merged as a matter of fact into his malice murder conviction); *Armour v. State*, 290 Ga. 553, 556 (722 SE2d 751) (2012) (vacating the appellant's sentence for felony murder, which was vacated by operation of law in light of his malice murder conviction, and noting that the issue was "not enumerated as error"); *Higuera-Hernandez v. State*, 289 Ga. 553, 554 (714 SE2d 236) (2011) (vacating the appellant's sentence for conspiracy to traffic cocaine because that conviction was the predicate for his felony murder conviction); *Mikell v. State*, 286 Ga. 722, 725 (690 SE2d 858) (2010) (vacating the appellant's sentence for aggravated assault because that conviction merged as a matter of fact into his malice murder conviction, "even though appellant failed to raise the claim in

the trial court or to challenge the sentence for aggravated assault on appeal" (citation omitted)).

(c) Indeed, the rule could not be otherwise in a just legal system. Where a case challenging criminal convictions is properly brought before a court and the court realizes, on its own or based on the defendant's argument, that the record shows that certain convictions merged, to disregard that determination and allow the defendant to serve a sentence for a criminal conviction that has been identified as illegal and void would not comport with fundamental fairness and due process of law. Void convictions and illegal sentences have never been subject to general waiver rules. And merger claims are a species of void conviction — just like a conviction on an " 'indictment [that] charges no crime,' " *Smith*, 266 Ga. at 56 (citation and emphasis omitted).

Thus, for example, we would never uphold sentences for both malice murder and felony murder based on the death of a single victim; instead, we would recognize that the felony murder conviction was vacated by operation of law. See *Barnes v. State*, 291 Ga. 831, 833 (732 SE2d 752) (2012). Nor would we uphold a 40-year sentence for a voluntary manslaughter conviction, where the law provides for a maximum sentence of only 20 years in prison, see OCGA § 16-5-2 (b) — even if the conviction is on a guilty plea and even if that plea was negotiated to spare the defendant from a more severe sentence on other charges he faced. The criminal justice system must operate within the bounds of the law. Thus, our conclusion in *Turner* that the defendant, having "knowingly entered into the plea agreement, and having accepted the benefit of such bargain with the State," could not "attempt[ ] to renege," 284 Ga. at 497, has no force where the record shows that the bargain at issue was for the imposition of an illegal sentence. Cf. OCGA § 13-8-2 (a) ("A contract that is against the policy of the law cannot be enforced.").

(d) This rule is not without its legal and practical limits, however.[3] Some of the Court of Appeals's merger-waiver cases have asserted that *Curtis* is limited to merger issues arising in cases that went to trial. See, e.g., *Sanders*, 282 Ga. App. at 836; *Carr*, 282 Ga. App. at 136, n.7. While *Curtis* was such a case, nothing we said there about merger and its effects on the legality of a conviction and the resulting sentence was limited to convictions resulting from trials

---

[3] In addition to the limits discussed in this subdivision, other limits may also apply in particular cases. For example, if a defendant's merger claim has previously been litigated and decided against him, the issue may be precluded from further review.

rather than guilty pleas. Moreover, *Taylor* and *Addison*, where we addressed merger claims on the merits, were direct appeals from guilty pleas.

It is true, however, that a merger claim must come before the court in a type of proceeding in which criminal convictions may be challenged. Thus, a merger claim cannot be considered in a free-standing "motion to vacate a sentence and/or vacate a conviction as void or pleadings of a similar nature" — the sort of motion at issue in the appeal decided in *Curtis. Williams*, 287 Ga. at 193. *Williams* overruled *Curtis* to the extent that it suggested that such a motion was cognizable and could be directly appealed. See 287 Ga. at 193. But *Williams* did so by reiterating *Curtis*'s core holding that "OCGA § 16-1-7 (a) . . . renders illegal a conviction for a crime that should have merged, and a claim that a charge should have merged under OCGA § 16-1-7 is a specific attack on the conviction," as opposed to simply an attack on an allegedly illegal sentence. 287 Ga. at 193 (emphasis omitted). We have held that "a motion to vacate a conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 216 (686 SE2d 786) (2009). Instead, such a challenge — including a merger claim — may be considered only in a traditionally recognized proceeding to challenge a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial, see OCGA § 5-5-41; a motion in arrest of judgment, see OCGA § 17-9-61; or a petition for habeas corpus, see OCGA § 9-14-40. See *Harper*, 286 Ga. at 217; *Williams*, 287 Ga. at 194.

Nor is there a duty on the court to scour the record searching for merger issues. If the defendant does not properly raise and argue a merger issue, he does not, under *Curtis*, waive its consideration by the court, if the court notices the issue. But he risks that the court too may overlook the issue.

Most significantly with respect to merger issues arising in guilty plea cases, the reviewing court is limited to finding error, as in all cases, based on the record. And the factual record when a defendant pleads guilty will usually be quite limited, often consisting only of the indictment or accusation, the record of the plea hearing (a transcript, in most instances, and perhaps some plea forms), and the judgment of convictions and sentences. While a defendant does not waive consideration of merger issues by pleading guilty, his guilty plea does waive the expansion of the factual record that occurs with a trial. The practical effect of *that* waiver will usually mean that he cannot establish (and the court cannot discern) that any of his convictions merged, particularly as a matter of fact, based on the limited record. In this respect, merger claims in guilty plea cases are like other claims that a defendant who pleads guilty may try to raise but rarely

will be able to establish based on the limited record. See *Smith v. State*, 287 Ga. 391, 402 (697 SE2d 177) (2010) ("A direct appeal — timely or untimely — from a guilty plea is available 'only if the issue on appeal can be resolved by facts appearing in the record.'" (citation omitted)).

Nevertheless, the limited record does not mean that a defendant can never prevail on a factual or legal merger claim in an appeal from a guilty plea. For example, if the face of the indictment and the judgment show that the defendant pled guilty to two credit card theft charges involving the theft of the same credit cards and was sentenced on both convictions, the reviewing court could hold that the convictions merged and the defendant could be convicted and sentenced on only one of the two charges. See *Syms*, 244 Ga. App. at 22. Similarly, if the indictment alleged felony murder in Count 1 based on "aggravated assault with a deadly weapon as alleged in Count 2," and the defendant pled guilty to those two counts and was sentenced on each of them, a court that noticed the issue should vacate the aggravated assault conviction and sentence, which unquestionably merged into the felony murder. Cf. *Henderson v. Hames*, 287 Ga. 534, 539 (697 SE2d 798) (2010) (affirming grant of habeas corpus where Count 5 of the indictment failed to allege both components of the mens rea element of felony misuse of hunting equipment and "[t]he related felony murder charge, Count 2, incorporated Count 5 as the predicate felony").

But in many more cases the defendant will raise a factual merger claim, asserting that facts beyond the face of the indictment, the factual basis for the plea, and his admissions at the plea hearing would show that crimes alleged as factually distinct should merge. Limited to the existing record, those claims will fail. See, e.g., *Taylor*, 275 Ga. at 461-463; *Syms*, 244 Ga. App. at 21-22.

For these reasons, the results of most guilty plea cases involving merger claims would be the same under both the rule we reiterate today and the "waiver" rule set forth in *Turner* and Court of Appeals cases like the ones cited in footnote 1 above — the challenged convictions and sentences will be affirmed. But we do not believe that precluding defendants who plead guilty from having their merger claims considered on the merits accords with the bulk of our precedent or principles of fundamental fairness, because there will be cases in which the record shows that the defendant's conviction on a charge did merge and thus that conviction and the resulting sentence are void and illegal. Accordingly, we overrule *Turner* and the cases cited in footnote 1 above, and any similar cases, to the extent that they hold that the entry of a guilty plea waives any claim that the convictions based on the guilty plea merged as a matter of law or fact.

And we therefore reject the State's argument that Appellant's guilty plea waived his merger claims and proceed to address those claims on the merits.

3. This is a direct appeal from a judgment of criminal convictions, which is a proper proceeding in which to challenge those convictions as void due to merger. And there is no risk of overlooking the merger issues in this case, because at the plea hearing, Appellant demanded that "the law regarding merger and proscrip[tion] of multiple punishment for same conduct be observed," and the only issues he enumerates on appeal are merger claims. However, based on the limited record resulting from his decision to plead guilty, Appellant cannot show that his merger claims have merit — except for his challenge to his five separate convictions and sentences for concealing a death, which the record shows did merge into a single conviction.

(a) Appellant argues first that his conviction for aggravated assault under Count 6 of the indictment, which alleged that he assaulted Bowden with a knife, causing multiple injuries, was the predicate felony for, and thus should have merged into, his Count 2 conviction for felony murder, which was based on the felony of aggravated assault by stabbing Bowden with a knife. However, the felony murder count does not cross-reference Count 6, Count 6 does not allege that the aggravated assault caused fatal injuries, and the factual basis for the plea indicated that Bowden was stabbed approximately 20 times. If the aggravated assault by stabbing charged in Count 6 caused Bowden non-fatal injuries and there was a "deliberate interval" before the aggravated assault by stabbing that caused Bowden's fatal injuries, then the two crimes would not merge. See *Slaughter*, 292 Ga. at 575. Nothing in the indictment or the factual basis that the prosecutor recited at the plea hearing forecloses that possibility. Perhaps further facts regarding these two charges would have emerged had there been a trial, but Appellant chose to plead guilty instead of going to trial. The indictment on its face charges two distinct crimes, of which Appellant admitted he was guilty, and based on the record we have before us, we cannot say that Count 6 necessarily merged with Count 2 as a matter of fact or law.

(b) Appellant next claims that his two child cruelty convictions regarding the oldest child (Counts 15 and 16) merged because the injuries he caused to her jaw and nasal bone "most likely" happened at the same time. However, the indictment charged Appellant in separate counts with causing the oldest child cruel and excessive physical pain through two separate acts — slamming her head against a wall (Count 15) and slamming her into a fireplace (Count 16).

Neither count alleges what specific injury resulted from each violent act, and Appellant's claim depends on facts that are not in the record.

(c) Appellant also argues that the two child cruelty convictions for leaving the oldest and youngest children bound and gagged without food and water were based on the same conduct as two of the concealment convictions and therefore merged. But to begin with, Appellant was convicted and sentenced for only one such child cruelty conviction, involving the oldest child (Count 23); the similar child cruelty count involving the youngest child (Count 25) was dismissed. And the child cruelty and concealment convictions involving binding and gagging the oldest child did not merge because each crime has a required element that the other does not — hindering the discovery that a person was unlawfully killed in the case of the concealment conviction, see OCGA § 16-10-31; and, for the child cruelty conviction, willful deprivation of necessary sustenance to the extent that the health or well-being of a child under 18 is jeopardized, see OCGA § 16-5-70 (a). See *Drinkard v. Walker*, 281 Ga. 211, 217 (636 SE2d 530) (2006).

(d) Finally, Appellant contends that his five convictions for concealing the death of another (Counts 10-14 of the indictment) merged as a matter of fact into one conviction. The record supports this contention. OCGA § 16-10-31, the statute that creates the crime at issue, says that "[a] person who, by concealing the death of any other person, hinders a discovery of whether or not such person was unlawfully killed is guilty of a felony . . . ."[4] As the statutory text indicates, the gravamen of the offense is conduct that hinders "a discovery" that a person has been unlawfully killed by concealing that death. In this case, the face of the indictment and the factual basis for the guilty plea show that Appellant engaged in the following acts, which were charged as five separate crimes: placing Bowden's body under clothes between a bed and a wall (Count 10); placing bloody bed sheets and the knife he used to stab Bowden in the trash behind the house (Count 11); binding and gagging Bowden's 12-year-old child and confining her in a closet (Count 12); binding and gagging Bowden's four-year-old child and confining her in a bathtub (Count 13); and taking Bowden's nine-year-old child from the residence and attempting to transport her to New Jersey (Count 14). All of these acts,

---

[4] The crime was a misdemeanor until 1997, when the General Assembly elevated it to felony status. Compare Ga. L. 1997, p. 923, § 1 (codified as OCGA § 16-10-31), with Ga. L. 1968, p. 1249, § 1 (adopting the "Criminal Code of Georgia," including the concealing a death misdemeanor crime codified as former Code § 26-1104).

however, were part of a course of conduct that hindered a single discovery of a single unlawful killing by concealing that death.

Thus, even on the limited factual record before us, it is clear that Appellant committed only one violation of OCGA § 16-10-31. See, e.g., *White v. State*, 287 Ga. 713, 713-714 & n.1, 716 (699 SE2d 291) (2010) (affirming a single conviction and sentence for concealing the death of another where the defendant removed the victim's dead body from the site where she was killed and later told the victim's children and then the police that the victim was missing when he knew she was really dead); *Duncan v. State*, 283 Ga. 584, 584-585 & n.1 (662 SE2d 122) (2008) (affirming a single conviction and sentence for concealing the death of another where the defendant moved the victim's body from the location of the murder and also threatened a witness to the murder, causing the witness to not immediately report the crime to the police). Appellant's five convictions for this one crime merged into one, and he should have been sentenced only on that one conviction. Accordingly, we vacate four of Appellant's convictions and sentences for concealing the death of another. See *Abdullah v. State*, 284 Ga. 399, 401 (667 SE2d 584) (2008). His other convictions and sentences are affirmed.

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED JULY 11, 2013 —
RECONSIDERATION DENIED JULY 24, 2013.

*Lloyd J. Matthews*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Frances C. Kuo, Lalaine A. Briones, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.