# Court of Appeals
# of the State of Georgia

ATLANTA,___August 20, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1174.  ERIC ROCKMORE v. THE STATE.

In 2012, Eric Rockmore pled guilty to two counts of armed robbery, one count of burglary, and four weapons-related charges.  He was sentenced to concurrent 20-year sentences on the armed robbery and burglary charges and consecutive 5-year sentences on the weapons charges, for a total of 40 years, with the first 20 to be served in incarceration. Within one year of entry of his judgment of convictions and sentence, Rockmore filed a "Motion to Modify Sentences," arguing that the trial court should have merged his sentences because his crimes were part of a continuous act or single crime spree.[1] The trial court denied the motion, and Rockmore appeals.

Under OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  But this authority "does not, on its face, include the power to vacate the conviction on which the sentence is based." *Ellison v. State*, 283 Ga. 461, 461 (660 SE2d 373) (2008); see also *Grady v. State*, 311 Ga. App. 620, 621 (716 SE2d 747) (2011).  Despite its nomenclature, Rockmore's motion was a challenge to the validity of his convictions, not his sentence.  Although he argued that his sentences should have merged, the Supreme Court has ruled that "merger claims are a species of void conviction" – that is, they are actually arguments that one conviction should merge with another and the

---

[1] Rockmore also argued that his sentence should be modified in light of his community ties and family obligations, but the trial court did not address that argument and Rockmore does not raise it on appeal.

sentence should be changed accordingly. *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013). Therefore, "a merger claim must come before the court in a type of proceeding in which criminal convictions may be challenged." Id. at 488 (2) (d).[2]

A motion to vacate a judgment of conviction – which, in substance, is what Rockmore filed here – "is not an appropriate remedy in a criminal case," and any appeal from an order denying or dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Moreover, because Rockmore's "claim of failure to merge . . . is a challenge to his criminal conviction and a motion to correct illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case, his appeal is subject to dismissal." *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). For these reasons, Rockmore's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   08/20/2015
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Such proceedings include a direct appeal of a conviction, an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus. *Nazario*, 293 Ga. at 488 (2) (d).