# Court of Appeals
# of the State of Georgia

ATLANTA,  November 01, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0484. CRAIG SIMMONS v. THE STATE.

In 2003, Craig Simmons pled guilty to two counts of armed robbery, two counts of kidnapping, burglary, and financial identity fraud. In 2016, he filed a motion to correct illegal and void sentence, arguing that he was charged with two counts of kidnapping the same victim and that "Georgia's proscription against double jeopardy prohibits dual conviction of the kidnapping of the same victim." The trial court dismissed Simmons' motion because it was a challenge to his conviction, and Simmons filed this notice of appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. And a sentence is void only if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004)."Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Simmons does not contend that his sentence exceeds the most severe punishment allowed. Rather, although Simmons captioned his motion as a challenge

to his sentence, he actually challenges his convictions and asserts that his sentence should be changed accordingly. See *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013). "[A] petition to vacate or modify a judgment of conviction" which, in substance, is what Simmons filed here, "is not an appropriate remedy in a criminal case" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1)-(2) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Simmons is not permitted to collaterally attack his conviction in this manner, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  11/01/2017*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*