# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0702.  OLIVER WILLIAMS v. STATE.

Following a jury trial, Oliver Williams was convicted of two counts of armed robbery, two counts of kidnapping, five counts of aggravated assault, five counts of false imprisonment, possession of a firearm during the commission of a crime, and possession of marijuana. Williams filed a motion for a new trial, which the trial court denied. On appeal, we reversed Willams's kidnapping convictions and affirmed the remaining convictions.  See *Williams v. State*, 304 Ga. App. 787 (697 SE2d 911) (2010).  In 2017, Williams filed a motion to reduce/modify his conviction, arguing that his armed robbery conviction was void.  The trial court denied the motion, and Williams filed a notice of appeal therefrom.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence.  Id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. Id. And a sentence is void only if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004)."  Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Williams does not contend that his sentence exceeds the most severe punishment allowed. Rather, although Williams captioned his motion as a challenge to his sentence, he actually challenges his conviction for armed robbery and asserts that his sentence should be changed accordingly. See *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013). "[A] petition to vacate or modify a judgment of conviction" which, in substance, is what Williams filed here, "is not an appropriate remedy in a criminal case" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1)-(2) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Williams is not permitted to collaterally attack his conviction in this manner, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,   11/29/2017*
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*