# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2019

*The Court of Appeals hereby passes the following order:*

**A20D0146. ADRIAN BERNARD PAYTON v. THE STATE.**

It appears that in 2013, Adrian Bernard Payton pled guilty to armed robbery and possession of a firearm during the commission of a crime. It also appears that in February 2019, Payton filed a "motion to correct void and illegal sentence," alleging that his arrest warrant affidavit was deficient. The trial court denied the motion on August 27, 2019. On October 25, 2019, Payton filed this application for discretionary review of the trial court's order. We lack jurisdiction for two reasons.

First, Payton's application is untimely. To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Payton filed this application 59 days after entry of the order he seeks to appeal. The application is therefore untimely.

Second, an appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void, but Payton has not raised such a claim. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Payton

does not contend that his sentence exceeded the statutory range of punishment; instead, his challenge to his arrest warrant constitutes a challenge to the validity of his conviction. A motion to vacate a judgment of conviction – which, in substance, is what Payton filed here – "is not an appropriate remedy in a criminal case," and any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, 286 Ga. at 218 (1); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A challenge to a criminal conviction "may be considered only in a traditionally recognized proceeding to challenge a criminal conviction," including a petition for habeas corpus. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013); see also OCGA § 9-14-40 et seq.

Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  11/20/2019*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*