# Court of Appeals
# of the State of Georgia

ATLANTA,  February 07, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1162.  ADRIAN B. PAYTON v. THE STATE.**

In 2013, Adrian B. Payton pleaded guilty to armed robbery and possession of a firearm during the commission of a crime. In 2019, he filed a motion to correct a void sentence, claiming that his arrest warrant affidavit was deficient. On August 27, 2019, the trial court entered an order dismissing the motion. In October 2019, Payton filed both an application for discretionary appeal and a notice of direct appeal from that order. We dismissed the discretionary application for lack of jurisdiction because it was not timely filed and Payton had not raised a colorable void-sentence claim. See Case No. A20D0146 (dismissed Nov. 20, 2019). We now dismiss this direct appeal for the same reasons.

First, like a discretionary application, a notice of appeal must be filed within 30 days of the entry of an appealable judgment. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Payton filed his notice of appeal on October 28, 2019 – 62 days after entry of the order he wishes to appeal. The appeal is therefore untimely.

Second, as we explained in our order dismissing Payton's application, an appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void, but Payton has not raised such a claim. See *Harper v. State*, 286 Ga. 216, 217 n.1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Payton's challenge to the validity of his arrest warrant is an attack on the validity of his conviction, not his sentence. Such a challenge "may be considered only in a

traditionally recognized proceeding to challenge a criminal conviction," such as a petition for habeas corpus. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013); see also OCGA § 9-14-40 et seq.

For these reasons, we hereby DISMISS this appeal for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __02/07/2020__*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*