# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0393. COPLIN v. THE STATE.**

In October 2010, Braen Coplin entered a negotiated guilty plea to three counts of armed robbery and four counts of aggravated assault, among other offenses. The trial court imposed concurrent sentences of 15 years on the armed robbery and aggravated assault counts. In April 2016, Coplin filed a pro se motion for out-of-time appeal in which he alleged that his plea counsel was ineffective in misadvising him about his eligibility for parole and failing to appeal his guilty plea despite numerous requests. In April 2021, the trial court conducted a hearing on Coplin's motion. During that hearing and in a closing brief following the hearing, Coplin's appellate counsel questioned whether the aggravated assault counts should have merged with the armed robbery convictions. In June 2021, the trial court denied Coplin's motion for out-of-time appeal but did not address the merger issue. Coplin then filed a timely notice of appeal. He asserts the same merger issue here, but we lack the authority to address it.

Although a void sentence may be challenged at any time, Coplin's contention that his convictions merged was a challenge to the convictions themselves, rather than to his sentence. Compare *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) ("[A] motion to correct [an] illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case," and a direct appeal is not allowed from a merger claim raised in such a motion.) and *Bryant v. State*, ___ Ga. App. ___ (1) (870 SE2d 33) (2022) (sentencing court retains jurisdiction to correct a void sentence at any time, and a direct appeal from the denial of a motion raising a colorable claim that a sentence is void is authorized). A merger claim may be

considered only in a traditionally recognized proceeding to challenge a criminal conviction, which includes a direct appeal of the conviction, an extraordinary motion for new trial, a motion in arrest of judgment, or a petition for habeas corpus. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013) (examining a merger claim in a direct appeal from a judgment of criminal conviction).

Coplin asserts that he should be able to pursue his claim in a motion for out-of-time appeal, but the Supreme Court of Georgia recently decided in *Cook v. State*, ___ Ga. ___ (Case No. S21A1270; decided March 15, 2022), that there "is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). And that holding applies "to all cases that are currently on direct review or otherwise not yet final." Id. Accordingly, despite the fact that the State concedes the merger issue, we conclude that the trial court should have dismissed Coplin's motion for out-of-time appeal. See id; *Rutledge v. State*, ___ Ga. ___ (Case No. S21A1036; decided March 15, 2022). We therefore vacate the trial court's order and remand for entry of an appropriate dismissal order.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/27/2022 *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*