# Court of Appeals
# of the State of Georgia

ATLANTA,  April 17, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1178. SHAWN DAVART LOCKHART, JR. v. THE STATE.

In 2009, Shawn Davart Lockhart, Jr., pled guilty to armed robbery, kidnapping, and possession of a firearm during the commission of a crime, and the trial court imposed a 25-year total sentence. In 2022, Lockhart filed a motion to correct void judgment, in which he claimed that (1) the evidence did not establish the element of asportation necessary to support his kidnapping conviction, and (2) his convictions for kidnapping and armed robbery merged as a matter of fact. The trial court denied the motion, and Lockhart filed this direct appeal. We lack jurisdiction.

As the Supreme Court of Georgia has made clear, a motion seeking to vacate or set aside an allegedly void conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Lockhart's claims in his motion to correct void judgment challenged his convictions, not his sentence. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d

244) (2010). A challenge to a criminal conviction "may be considered only in a traditionally recognized proceeding to challenge a criminal conviction," including a petition for habeas corpus. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013); see also OCGA § 9-14-40 et seq. Accordingly, Lockhart's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* *04/17/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*