# Court of Appeals
## of the State of Georgia

ATLANTA,  January 08, 2024

*The Court of Appeals hereby passes the following order:*

**A23A1553. EUGENE HOWARD, JR. v. THE STATE.**

In 2004, Eugene Howard, Jr. pleaded guilty to aggravated sodomy and other crimes, aggravated child molestation, and child molestation in Catoosa County Superior Court. His sentence was to run concurrently with a sentence entered on convictions from Whitfield County Superior Court. In 2021, Howard filed a pro se motion to modify his Catoosa County convictions and sentence, arguing, inter alia, that his convictions were void because he had already been convicted and sentenced on the same evidence in Whitfield County. The trial court denied Howard's motion, and we subsequently dismissed Howard's direct appeal, explaining that we lacked jurisdiction because Howard's notice of appeal was untimely, and he failed to raise a colorable claim that his sentence is void. Case No. A23A0070 (decided Aug. 10, 2022). In April 2023, Howard filed a "Motion to Vacate Sentence Due to Collateral Estoppel on Double Jeopardy," in which he again argued that his Catoosa County convictions and Whitfield County convictions were improperly based on the same evidence. The trial court dismissed Howard's motion as untimely, and Howard filed this notice of appeal. We lack jurisdiction for two reasons.

First, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe

punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Howard does not contend that his sentence exceeds the most severe punishment allowed. Rather, although Howard captioned his motion as a challenge to his sentence, he actually challenges his convictions and asserts that his sentence should be changed accordingly. See *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013). "[A] petition to vacate or modify a judgment of conviction[,]" which, in substance, is what Howard filed here, "is not an appropriate remedy in a criminal case" and any appeal from an order denying such a motion must be dismissed. *Harper*, 286 Ga. at 218; see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Second, "it is well established that any issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court[.]" *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) (punctuation and footnote omitted). As noted above, we previously considered the validity of Howard's sentence in his prior appeal, and determined that his sentence was not void. Our prior dismissal order constitutes the law of the case, and we are precluded from revisiting the issues previously litigated. See id.; *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated *ad infinitum*.").

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/08/2024_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*