**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 10, 2025**

# In the Court of Appeals of Georgia

A25A1291. BARLOW v. STATE.

MCFADDEN, Presiding Judge.

This appeal challenges the trial court's failure to merge two counts of incest involving the same victim for purposes of sentencing. But the counts did not merge because one of the counts alleged the material fact that the victim was under the age of 14 years at the time of that offense, while the other count did not include that material allegation. So we affirm.

1. *Facts and procedural posture*

After a jury trial, Roger Barlow was convicted of multiple sexual offenses against his stepdaughter, L. M., including two counts of incest for sexual intercourse as alleged in Counts 3 and 4 of the indictment. See OCGA § 16-6-22 (a) (1) (a father

commits the offense of incest when he engages in sexual intercourse or sodomy with his child or stepchild). Count 3 charged Barlow with incest for engaging in sexual intercourse with L. M. between December 19, 2014 and July 30, 2016, the exact date of the offense being unknown, when L. M. was under the age of 14 years. Count 4 charged Barlow with incest for engaging in sexual intercourse with L. M. between July 31, 2016 and July 31, 2018, the exact date of the offense being unknown. The trial court did not merge the two counts of incest for sentencing, and instead imposed a 50-year sentence on Count 3 and a separate 20-year sentence on Count 4. See OCGA § 16-6-22 (b) (a person convicted of incest shall be sentenced from 10 to 30 years in prison; but if the victim was under 14 years old, the trial court must impose an enhanced sentence from 25 to 50 years in prison). Barlow appeals.

2. *Merger*

Barlow contends that the trial court erred in failing to merge the two counts of incest for sentencing purposes because they made identical allegations except for the range of dates when the crimes were committed and those dates were not made essential averments. Indeed, "if the counts in the indictment are identical except for the dates alleged, and the dates were not made essential averments, only one

conviction can stand." *Thomas v. State*, 352 Ga. App. 640, 642-643 (1) (a) (835 SE2d 640) (2019) (citation and punctuation omitted). But in this case, while the indictment did not make the dates in Counts 3 and 4 material allegations by specifically alleging that they were material averments, the two incest counts were not identical except for the dates alleged. Rather, the counts were materially different because only Count 3 averred that the victim was under the age of 14 years at the time of that offense, whereas Count 4 did not include such a material averment about the victim's age and instead alleged a date range when the victim was over the age of 14. See *Torres v. State*, 353 Ga. App. 470, 484-485 (6) (838 SE2d 137) (2020) (rejecting argument that trial court should have merged two counts of incest alleging sexual intercourse with the victim when only one of the counts averred that the victim was under 14).

"Whether the victim was over or under 14 years old was a material factual distinction between the counts because of the sentencing scheme for incest under which the mandatory minimum and maximum sentences are increased if the victim was under 14 years old. See OCGA § 16-6-22 (b)." *Torres*, supra at 486 (6).

> Hence, apart from the range[] of dates, Count[ 3] alleged an additional material fact that had to be submitted to the jury and proven beyond a reasonable doubt — that the victim was under 14 years of age — that distinguished [it] from Count[ 4]. . . . Accordingly, because the pair[] of

incest counts did not allege identical material facts, Count [3] did not merge with Count [4]. . . . The trial court thus did not err by not merging [Barlow's] incest convictions.

Id. at 486-487 (6) (citations and punctuation omitted).

Barlow acknowledges that only Count 3 alleged the material fact that L. M. was under 14 at the time of that offense. But he notes that the last date of the date range set forth in Count 3 — July 30, 2016 — was the day before his stepdaughter's 14th birthday on July 31, 2016, so he posits that under the common law "coming of age" rule set forth in *Thomas v. Couch*, 171 Ga. 602, 606 (156 SE 206) (1930) ("[o]ne becomes of full age on the day preceding the twenty-first anniversary of his birth, on the first moment of that day"), she could be deemed to have turned 14 on July 30th. Barlow then reasons that the "rule of lenity" requires that the incest counts merge and he be convicted of only the lesser punishment. But the rule of lenity does not apply to this case.

> The rule of lenity applies when a statute establishes, or multiple statutes establish, different punishments for the same offense and, consequently, uncertainty develops as to which penal clause is applicable. The rule of lenity provides that any ambiguity or uncertainty as to the punishment to be imposed in such a case is resolved in favor of the defendant, who will then receive the lesser punishment. Importantly, the rule of lenity is a rule of construction that is applied only when an ambiguity still exists after having applied the traditional canons of

4

> statutory construction. Therefore, the rule does not apply when the statutory provisions are unambiguous. The [statutory provisions] at issue here are not ambiguous and do not require different punishments for the same conduct.

*Sosebee v. State*, 317 Ga. 424, 427 (1) (893 SE2d 653) (2023) (citations, punctuation, and footnote omitted).

Rather, OCGA § 16-6-22 (b) unambiguously establishes different punishments for different conduct based on the age of the victim, requiring greater punishment only when the additional statutory element of the victim being under the age of 14 is met. "As explained above, the rule of lenity applies only when there are different potential punishments for the same conduct, that is, where differently punished offenses have the same statutory elements." *Sosebee*, supra at 429 (1).

As for the common law rule cited by Barlow, pretermitting whether L. M. could be deemed to have turned 14 the day before her birthday, Barlow has failed to support his argument with any evidence showing that the jury could have found that the incest alleged in Count 3 occurred specifically on that day. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013) (this court has no duty to scour the record on behalf of a defendant raising a merger issue and we are "limited to finding error, as in all cases, based on the record"). On the contrary, there is substantial evidence in the

5

record from which the jury was authorized to find beyond a reasonable doubt that Barlow committed incest by engaging in sexual intercourse with L. M. when she was under the age of 14 as alleged in Count 3 of the indictment, including the victim's testimony that Barlow began having sexual intercourse with her in Louisiana when she was 11 years old, that it continued on a regular basis when they moved to Georgia when she was 12 years old, and that the abuse did not end until she was 17. See OCGA § 24-14-8 ("testimony of a single witness is generally sufficient to establish a fact"); *Torres*, supra at 476 (1) (testimony of the victim, standing alone, was sufficient to support convictions for incest and other sexual offenses).

Moreover, the indictment was read to the jurors; it was sent out with them during deliberations; and the trial court instructed the jurors that the state had the burden to prove every material allegation and essential element of the crime as charged in the indictment, and that they could not find Barlow guilty unless each element of the crime as alleged was proven beyond a reasonable doubt. Since the dates in Count 3 were not material allegations, the alleged incest could "be proved as of any time within the statute of limitation." *Gonzales v. State*, 345 Ga. App. 334, 342 (4) (a) (812 SE2d 638) (2018) (citation and punctuation omitted). Under these

circumstances, we find no reversible error. See *Rodriguez v. State*, 355 Ga. App. 122, 125 (843 SE2d 9) (2020) (rejecting claim that trial court committed reversible error by imposing enhanced sentence for incest after failing to instruct jury to make specific finding as to victim's age where appellant pointed to no evidence contradicting overwhelming evidence that victim was under the age of 14 at time of alleged incest).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*